## No. 2565.

### HUGH SUGGS *v.* TRAVELERS INSURANCE COMPANY.

1. INSURANCE POLICY—AGREED LIMITATION.—The clause in a life insurance policy, "No suit or proceeding at law or in equity shall be brought to recover any sum hereby insured, unless the same is commenced within one year from the time the right of action accrued" controls and limits the general laws of limitation, and suit can not be maintained after the agreed limit of time.

2. SAME—MINORS.—The clause will apply also to minors who may be beneficiaries. The exceptions in the statutes in favor of minors do not affect the agreement.

ERROR from Cass. Tried below before the Hon. W. P. McLean.

The opinion gives the facts.

*Todd & Hudgins,* for plaintiff in error: The time limited for the commencement of the action does not commence to run against minors until the removal of their disabilities. (Rev. Stats., art. 3222; 6 Ang. on Lim., sec. 195.)

*Talbot & Turner,* for defendant in error, cited Riddlebarger v. Ins. Co., 7 Wall., 386; Ins. Co. v. LaCroix, 35 Texas, 249; O'Laughlin v. Ins. Co., 2 Fed. Rep., 280.

*Todd & Hudgins,* on application for rehearing: The contract of insurance inured to the benefit of Maud and Davie Harrison, the beneficiaries named therein, from the time of its

execution, and they were parties thereto. (Splawn v. Chew, 60 Texas, 532; Ricker v. Charter Oak Insurance Co., 27 Minn., 193; May on Insurance, sec. 392.)

Defendant in error, having contracted for the benefit of minors, was deemed to have contracted with reference to their disability, and are bound thereby; nor did Harrison or defendant in error have any power to deprive them of the benefit of the statute by contract. (Harris v. Musgrove, 59 Texas, 401; 1 Parsons on Contracts, 329, old ed., 276.)

Disability of beneficiary to sue will relieve against the limitation clause in a policy of insurance. (Semmes v. Hartford Ins. Co., 13 Wall., 158.) It is submitted that this case is strongly applicable as showing that the stipulation in the contract is not absolutely conclusive, but may be avoided by disability.

GAINES, ASSOCIATE JUSTICE. On April 18, 1883, the defendant in error issued to T. H. Harrison a policy of insurance, by which it bound itself, upon certain conditions in case of his death by accident, to pay to his children, Davie Harrison and Maude Harrison, the sum of one thousand five hundred dollars. He was accidentally killed about the first of March, 1884, and on the tenth of August, 1886, the plaintiff in error, as the next friend of the beneficiaries, Davie and Maud Harrison, brought this suit on the policy to recover the amount named. The policy contained the following provision: "No suit or proceeding at law or in equity shall be brought to recover any sum hereby insured, unless the same is commenced within one year from the time the right of action accrues." The company pleaded this limitation in defense of the action, and also a forfeiture of the policy by reason of a failure to pay the premiums as they fell due. The court below found in favor of the defendant upon both grounds of defense.

By recurring to the statement we have made, it will be seen that more than two years had elapsed from the time the alleged cause of action accrued until this suit was brought. It is not pretended that the defendant ever waived the condition in the policy limiting the time within which the action could be brought, nor is it claimed that the company, by promises of payment or holding out hopes of adjustment, thereby delayed the bringing of suit and estopped itself from setting up this defense. On the contrary, it appears that a claim on behalf of the beneficiaries was made upon the company immediately

after the death of the assured, and that its agent promptly answered, denying any liability, and claiming that the policy had been forfeited before his death by a failure to pay the stipulated premiums.

It has been decided by this court that a provision in a contract which limits the time within which suit may be brought for its breach is valid. The limitation must be reasonable. (Railway v. Trawick, 68 Texas, 314; Ins. Co. v. LaCroix, 35 Texas, 249.) This seems to be settled law in regard to contracts of insurance. (May on Ins., sec. 478 and cases cited.) The validity of the provision in the policy sued upon in this case is not questioned, but it is insisted that the limitation, like that provided by the statute, does not run during the minority of the beneficiaries of the suit. This proposition, in our judgment, can not be maintained. The statute of limitations does not in any manner affect the question. The agreement is not merely to alter the rule of the statute by changing the time within which the action should be brought from four years to one year, leaving the limitation thus provided for subject to the statutory conditions and exceptions. It makes no reference to the statute, but imposes a restriction upon the right of action entirely independent of it. It is said to differ from the statutory limitation in this, that it does not merely deny the remedy, but forfeits the liability when the suit is not brought within the stipulated time. (May on Ins., sec., 482, citing Williams v. Ins. Co., 20 Vt., 222.)

The stipulation under consideration contains no exception in behalf of minors or other parties favored by the statute of limitations; and we see nothing in the nature of the contract to warrant us in engrafting an exception upon it by reason of mere analogy to these statutes. In this particular case the beneficiaries were but eleven and thirteen years old, respectively at the time the policy was issued. It was known to the assured that if a cause of action accrued to them at all, it must necessarily accrue during their minority. Under these circumstances, it is reasonable to presume that if it had been intended that the limitation contracted for should not run during their minority, it would have been so expressed in the policy.

We are cited to no authority sustaining the position of plaintiff upon this question; and we presume none can be found. On the other hand the case of O'Laughlin v. Ins. Co., 11 Fed. Rep., 280, is authority against it.

We think the court below correctly held that the cause of action in this case, if any ever existed, was barred by the failure to bring the suit within twelve months, and hence it is unnecessary to consider whether the policy had been forfeited or not at the time of the death of the assured.

The defendant was entitled to the judgment recovered by it below, and it will therefore be affirmed.

*Affirmed.*

Opinion delivered October 26, 1888.