KENNETH MEAD v. THE PHŒNIX INSURANCE
COMPANY.

No. 13,453.   (75 Pac. 475.)

SYLLABUS BY THE COURT.

FIRE INSURANCE—*Property of Minor — Limitation of Action.* A dwelling-house owned by a minor twelve years of age was insured in his name. In May, 1894, it was destroyed by fire. The policy contained a condition that no suit or action for the recovery of any loss should be maintainable unless commenced within twelve months after the fire. In 1902, when the insured reached his majority, he brought an action on the policy to recover the amount of his loss. *Held,* that the contract limitation controlled the general statute of limitations and that the action was barred.

Error from Wyandotte court of common pleas ; WILLIAM G. HOLT, judge. Opinion filed February 6, 1904. Affirmed.

*Carroll, Monahan & Warren,* for plaintiff in error.

*McAnany & Alden,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In March, 1894, Kenneth Mead was a minor twelve years of age and the owner of two lots on which there stood a frame dwelling. The building was destroyed by fire on May 11, 1894, while insured for $600 in the Phœnix Insurance Company. Soon after the loss the mother of the insured settled with the company for $475, through her attorney, C. C. Dail.

On May 26, 1902, after Kenneth Mead became of age, he brought this action against the insurance company to recover the amount of the policy, with interest. The petition sets out the fact of the fire, notice of the loss to the company, and the date and number of the policy, and avers that plaintiff on his part had performed all of its conditions. The petition, to which a copy of the policy was attached as an exhibit, contained an allegation as follows:

"The plaintiff further says that shortly thereafter, to wit, August 2, 1894, through and by a conspiracy between defendant and another person, one C. C. Dail, the said policy No. 4930 was surreptitiously obtained from this plaintiff, then still a minor, and for a small consideration from defendant to said Dail, delivered unlawfully and wrongfully to defendant and by it canceled; so that, if the copy of said policy which is hereto attached, marked 'Exhibit A', and made part hereof, is not an exact copy, the failure thereof is attributable to the cancelation of the same by defendant. Plaintiff further says that at said time, nor until the year 1896, he did not have any guardian to represent his interests in that or any other respects, and that only on about the 15th day of May, 1902, did he, when he became of full age, acquire the right to do so himself; and if any default has accrued in the premises against him he pleads his minority against the same."

The answer of the defendant below contained three defenses : (1) A general denial ; (2) breach of covenant to give immediate notice of loss and make proof within sixty days ; (3) a failure to bring an action on the policy within twelve months after the fire. To these defenses plaintiff below replied that after the fire he had done all things required of him by the conditions of the policy and that

"through and by a conspiracy between said defendant and one C. C. Dail, for a small sum as in payment of said loss so covered by said policy, said defendant unlawfully and wrongfully obtained said policy from the said C. C. Dail and converted said policy to its own use and canceled the same, whereby it waived all the conditions of said policy required to be complied with by said plaintiff, if they had not been complied with by him, which plaintiff asserts had been done."

A trial was had to the court without a jury, resulting in a judgment for the defendant below.

The policy contained this condition :

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months after the fire."

It is clear that the action was based on the policy of insurance. The allegation in the petition respecting a conspiracy between the company and Dail was made to excuse plaintiff in his failure to set up a true copy of the policy. The action was not founded on the conspiracy ; it did not sound in tort. In the plaintiff's reply he alleged that the conditions precedent to a recovery by him had been waived by the insurance company in wrongfully obtaining the policy from Dail, thus confessing that he was bound by all

the provisions in the insurance contract except the conditions pleaded in the answer.

The action of plaintiff below was barred by the limitation of time fixed in the policy for the commencement of an action, which was twelve months from the time of loss. When the policy was issued and the loss occurred the agreement limiting the time within which an action to recover on the insurance contract might be commenced was not illegal. (*McElroy v. Insurance Co.*, 48 Kan. 200, 29 Pac. 478.) By chapter 91, Laws of 1897, such contracts are no longer permitted. (Gen. Stat. 1901, § 4446, subd. 7.) The contract limitation in the policy controlled the general statute of limitations and was good even against minor beneficiaries. (*Suggs v. Insurance Co.*, 71 Tex. 579, 9 S. W. 676, 1 L. R. A. 847; *O'Laughlin v. Union Central Life Ins. Co.*, 3 McCrary [C. C.] 534, 11 Fed. 280. See, also, *Riddlesbarger v. Hartford Insurance Co.*, 7 Wall. 386, 19 L. Ed. 257.)

In *McElroy v. Insurance Co.*, supra, the dismissal of an action brought within the time required by the policy was held not to extend the time to begin another within a year, under section 4451, General Statutes of 1901.

The judgment of the court below will be affirmed.

All the Justices concurring.