## CONNECTICUT GENERAL LIFE INS. CO. v. BABIN.

### No. 3387.

Court of Civil Appeals of Texas. Beaumont.

Feb. 24, 1939.

Rehearing Denied March 1, 1939.

Orgain, Carroll & Bell, of Beaumont, for appellant.

D. E. O'Fiel, of Beaumont, for appellee.

WALKER, Chief Justice.

This was an action by appellee, Anita Babin, against appellant, Connecticut General Life Insurance Company, for benefits under its group policies Nos. G5039 and G5545. On trial to a jury judgment was entered in appellee's favor for the relief prayed for, from which appellant has duly prosecuted its appeal.

 We agree with appellant that the judgment of the lower court must be reversed and judgment here rendered against appellee that she take nothing. The conditions of these policies as to proof of loss were given by this court, and their legal effect discussed, in Connecticut General Life Ins. Co. v. Kornegay, 93 S.W.2d 164; Connecticut General Life Ins. Co. v. Warner, 94 S.W.2d 514; Connecticut General Life Ins. Co. v. Smith, 94 S.W.2d 519; Connecticut General Life Ins. Co. v. Bowman, 99 S.W.2d 946; Connecticut General Life Insurance Co. v. Dugas, 91 S.W.2d 757; Lewis v. Connecticut General Life Insurance Co., 94 S.W.2d 499. In the cases cited we held that the proofs of loss were filed too late; in the case at bar there was a longer delay in filing the proof of loss than in any of the cases cited—almost eight years.

As an excuse for her delay, appellee plead "ignorance," the same plea on identical facts reviewed by us in the Lewis case, supra. There we held that the facts did not excuse the delay.

■ The only distinguishing fact in this case is the coverture of appellee, which was plead as tolling the statutes of limitation against her cause of action, but not as an excuse for her delay in filing proofs of loss. However, the issue is immaterial. The statutes of limitation do not excuse appellee's failure to furnish proofs of loss. Suggs v. Travelers' Ins. Co., 71 Tex. 579, 9 S.W. 676, 1 L.R.A. 847; Jefferson Standard Life Insurance Co. v. Williams, Tex. Civ.App., 62 S.W.2d 661.

It follows that the judgment of the lower court in favor of appellee must be reversed and judgment here rendered that she take nothing.

Reversed and rendered.