## REITER v. ÆTNA LIFE INS. CO.

### Civ. A. No. L–6418.

District Court, D. New Jersey.
May 20, 1940.

Meyer M. Semel, of Newark, N. J., for plaintiff.

Collins & Corbin, of Jersey City, N. J., (Edward A. Markley and James J. Langan, both of Jersey City, N. J., of counsel), for defendant.

FAKE, District Judge.

The complaint herein is founded on an insurance contract issued by the defendant and known as a "Star Accident Policy". It contains the following provision: "No action at law or in equity shall be brought to recover on this Policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this Policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the Policy."

It appears upon the face of the complaint that Charles Reiter, now deceased, took the policy out on January 21, 1927 and by the terms thereof, his son, the plaintiff, is a beneficiary. The said Charles Reiter died

160

on or about November 21, 1929, as the result of a fire in a building where he was present at the time the fire commenced.

The summons and complaint in this case was not filed until July 21, 1938, upwards of eight years after the death of the assured. This delay is explained in the complaint as being caused by the infancy of the plaintiff who was twelve years of age at the time of his father's death, and therefore without legal capacity to sue. He did not arrive at the age of 21 years until the 5th day of January, 1938, and this action was instituted within two years of his attaining maturity.

Upon this record, the defendant moves for summary judgment in its favor, upon the ground, among others, that the complaint fails to disclose a cause of action.

The question is: Does the infancy of the plaintiff toll the running of the contract limitation as to the time within which suit must be brought?

We are not dealing here with a problem arising under a statute of limitations but with the terms and conditions of a contract. After the expiration of the sixty day period above quoted, the plaintiff, notwithstanding his infancy, could have sued on the policy by his next friend or guardian. It is therefore unsound to allege that he was without legal capacity to sue. Nor is there any statute that I know of which would excuse him for not suing within the period of his infancy.

As appears here, the policy is a contract made for the benefit of the plaintiff at a time when he was an infant. When he arrived at his majority he could elect to affirm or reject it. There was no middle ground for him to take. He could not affirm as to some of its terms and reject the remainder. When he instituted this suit, he must be held to have affirmed the contract in all its provisions, cum onere and not ex onere. Among the burdens he must assume is that of strict compliance with the provisions relating to the time within which suit must be brought. O'-Laughlin v. Union Central Life Ins. Co., C.C., 11 F. 280; Suggs v. Travelers' Ins. Co., 71 Tex. 579, 9 S.W. 676, 1 L.R.A. 847; Mead v. Phoenix Ins. Co., 1904, 68 Kan. 432, 75 P. 475, 64 L.R.A. 79, 104 Am.St.Rep. 412; Heilig v. Aetna Life Ins. Co., 1910, 152 N.C. 358, 67 S.E. 927, 20 Ann.Cas. 1290; Gallivitoch v. Provident Life & Acc. Ins. Co., 26 Ga.App. 385, 106

S.E. 319; Beard v. Sovereign Lodge, W. O.W., 1922, 184 N.C. 154, 113 S.E. 661. See also the following texts: May: Briefs on Insurance Law, Vol. IV, page 3979; Couch on Insurance, Vol. IV, page 5703.

It is not necessary, if indeed it would be proper at this stage of the case, to pass upon the question of the lapsing of the policy for nonpayment of premiums, my conclusion being, that infancy affords no excuse for failure to institute suit within the time limited in the policy, judgment will be entered for the defendant and against the plaintiff.