[Civ. No. 10339. Fourth Dist., Div. One. Mar. 15, 1971.]

EVA EVANS, Plaintiff and Appellant, v.
HOLLY CORPORATION, Defendant and Respondent.

[Civ. No. 10387. Fourth Dist., Div. One. Mar. 15, 1971.]

EVA EVANS, Plaintiff and Appellant, v.
CONTINENTAL ASSURANCE COMPANY, Defendant and Respondent.

(Consolidated Appeals.)

## COUNSEL

Gregg William Hornaday for Plaintiff and Appellant.

Dickenson, Sattinger & Dotson, David R. Dotson, and Bishop Moore for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Eva Evans appeals from a summary judgment in favor of defendant Continental Assurance Company and a judgment she take nothing from defendant Holly Corporation after the court sustained its demurrer to her third amended complaint without leave to amend. We have consolidated her separate appeals from the two judgments.

On April 8, 1965, plaintiff and her husband purchased two parcels of land in the Salton Sea area from defendant Holly Corporation. About six weeks later, plaintiff and her husband purchased a third parcel of land in the same area from Holly. The three purchase agreements each provided for periodic payments to Holly. Holly agreed to furnish credit life insurance insuring the life of plaintiff's husband for the unpaid balance due on the purchase agreements. Three insurance certificates, one for each of the purchases, were given to plaintiff and her husband.

The insurance certificates each recited defendant Continental insured the life of plaintiff's husband under a master policy issued to Holly and agreed to pay an amount of insurance equal to the balance owed on the date of his death. Each certificate contained a limitation "in no event shall the aggregate amount of all such insurance on the life of any Debtor exceed" the amount of $7,500. A schedule toward the bottom of each certificate listed plaintiff's husband as the "Debtor," showed a separate and different account number for each certificate and set forth the initial amount of insurance.

The initial amounts of insurance specified on the certificates relating to the two April 8 purchases were for $6,990 and $3,190, or a total initial insurance of $10,180 effective on that date. The certificate issued on the third purchase lists the maximum of $7,500 as the initial amount of insurance.

Plaintiff's husband died on March 18, 1967. At that time the balance owing on the two April 8, 1965 purchases were in the amounts of $5,657.04 and $2,520.69. The third purchase balance was $7,216.56. Holly and

Continental took the position the maximum amount payable under the policy was limited by the limitation provision in the certificates to a total of $7,500 on all three certificates for all three purchases. They credited $7,500 to the unpaid balances due under the purchase agreements and refused to pay off the balance owing over that sum.

Plaintiff brought this action to recover $7,894.29, the difference between the unpaid balances and the amount for which defendants voluntarily gave credit.

On Continental's motion for summary judgment and Holly's demurrer, the trial court agreed with their contention $7,500 was the maximum insurance available under all three certificates. We do not. We note, initially, the insurance policy was not before the court. ■ Plaintiff sufficiently pleaded the policy by alleging it in legal effect and by pleading the three certificates. The master policy is in the possession of defendants, likely has never been seen by plaintiff, and was not produced in court by the possessors. Even if the certificate limitation must be construed as it was by the court below, that would not control if the policy provides otherwise. We do not, however, limit our ruling to the ground the court should not have ruled on the insurance coverage question without reviewing the policy.

■ Where the representations in an insurance certificate indicate broader coverage than that provided by the master policy, the insurer is bound by the terms of the certificate (*Humphrey* v. *Equitable Life Assur. Soc.*, 67 Cal.2d 527, 534 [63 Cal.Rptr. 50, 432 P.2d 746]). ■ Reasonably construed, the certificates each evidenced coverage to a maximum of $7,500 for each separate purchase. This was strongly implied by the issuance of three separate certificates with three separate account numbers and three separate listings of the initial amounts of insurance afforded, none of which exceeded $7,500 separately but which totalled $17,680. Two of the certificates with a total of $10,180 initial insurance were issued the same day to cover the same transaction but involving the purchase of two separate parcels. Had the defendants intended the total coverage to be $7,500 regardless of the number of purchase contracts, certificates and parcels involved, it would have been a simple matter to have issued one certificate covering both purchases to a maximum of $7,500 life insurance. The third purchase could have been added to the single certificate by adding it to the account referred to in the certificate. That the third certificate listed the initial amount of insurance as the maximum of $7,500 also implies the maximum was available under each certificate for each individual purchase.

Other terms of the certificates fortify our conclusion. The entire first paragraph of the certificate reads: [CONTINENTAL] "HEREBY CERTIFIES

■

that the life of the Debtor named in the Schedule set forth herein has been insured under Master Policy GC-10.094 issued to Holly Corporation, A Corporation (hereinafter called Creditor) whereunder upon receipt of due proof of said Debtor's death while insured, and prior to the termination of his insurance as described below, the Company will pay an amount of insurance equal to the balance owed on the date of said Debtor's death, provided, however, that in no event shall the aggregate amount of all such insurance on the life of any Debtor exceed the Maximum Amount of Insurance stated below. All insurance paid hereunder shall be paid to the Creditor and shall be applied by said Creditor to reduce or extinguish the unpaid indebtedness." The reference to the aggregate amount of all *such* insurance must relate to an earlier reference to insurance. The two preceding references to insurance are the amount of insurance equal to the balance owed on the insured's death and the termination of his insurance *as described below*. The first preceding reference necessarily refers to the balance owed on the individual purchase to which the certificate applies. The second preceding reference relates solely to the insurance described below, *i.e.,* the insurance specified in the schedule. Both references are to the insurance provided for a particular purchase transaction or to the insurance provided under that particular certificate for a particular purchase transaction.

The reference to the aggregate amount of all such insurance on the life of any debtor, reasonably construed, means all insurance available under that particular certificate for the property purchase transaction to which the certificate applies. Each certificate thus provided a maximum of $7,500 credit insurance.

The construction we adopt of the certificates is one reasonably inferable from the writings. Because the certificates must be construed in favor of imposing liability (*Humphrey* v. *Equitable Life Assur. Soc., supra,* 67 Cal.2d 527, 532), we hold our construction of the certificates must be adopted as a matter of law. We also find our construction to be consistent with Insurance Code section 10203.5.

 Holly contends the action as to it is barred by the two-year statute of limitations (Code Civ. Proc., § 339, subd. 1). As to Holly the action is for damages for breach of its contract to provide insurance. The complaint alleges Holly stopped making premium payments to Continental on January 1, 1967, and allowed the policy to lapse. This action was filed over two years later. The two-year statute does not apply as Holly's obligation to pay the premium is set forth in the certificates. The action is on a written undertaking and the four-year statute applies. Moreover, there is no allega-

tion plaintiff had any notice of Holly's breach and Holly has acknowledged the contract by crediting plaintiff's purchase accounts with $7,500.

Judgments reversed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied March 29, 1971, and the petition of respondent Continental Assurance Co. for a hearing by the Supreme Court was denied May 13, 1971.