[Civ. No. 28510. Fourth Dist., Div. One. May 8, 1984.]

JESSICA H., a Minor, etc., Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Patrick L. McCrary for Plaintiff and Appellant.

Higgs, Fletcher & Mack and Donald H. Glaser for Defendant and Respondent.

OPINION

**WORK, J.**—A minor appeals a judgment dismissing her California action seeking contractual benefits of a no-fault insurance policy executed in compliance with the laws of Hawaii, after Allstate Insurance Company's de-

murrer was sustained without leave to amend on the ground her contract action was subject to and barred by the special Hawaii statute of limitations contained in its no-fault statute. ■ We reverse, holding general tolling statutes apply to special time limitations for filing suit contained in specific statutes in the absence of an expression of legislative intent to the contrary. We further hold the strong public policy for preserving causes of actions throughout periods of a plaintiff's minority prevents circumventing tolling statutes through contracts containing special time limitations.

## I

The minor was a beneficiary under an automobile no-fault insurance policy written in accordance with the State of Hawaii's no-fault insurance law. The policy was issued to the minor's father in Hawaii and, as applicable here, obligated Allstate to pay $15,000 to the minor if her father died as a result of an automobile accident. On January 12, 1978, during the policy term, the minor's father was killed while operating a motor vehicle in California. Although the minor gave "due and timely" notice to Allstate, it refused to pay. Suit was filed March 23, 1982.

## II

Here the complaint is on a contract and, in the absence of a proof of contrary fact, subject to a limitation period of four years. (Code Civ. Proc.,[1] § 337.) Further, plaintiff's minority tolls the statute absent proof of facts preventing California from applying its tolling statute. (§ 352, subd. (a)(1).) Section 352 specifically tolls the time to file actions mentioned in chapter 3, title 2 of the Code of Civil Procedure. Section 337 (which is within ch. 3 of tit. 2, Code Civ. Proc.) sets a four-year statute of limitation on an action on any contract, obligation or liability founded upon an instrument in writing. ■ An action on an insurance contract is subject to the time limitations of section 337. (*Evans* v. *Holly Corp.* (1971) 15 Cal.App.3d 1020 [93 Cal.Rptr. 712]; *California State Auto. Assn., Inter-Ins. Bureau* v. *Cohen* (1975) 44 Cal.App.3d 387 [118 Cal.Rptr. 890].)

■ A complaint showing on its face the cause of action is barred by the statute of limitations is subject to demurrer. Such a demurrer is general, not special, although the particular defect must be cited. (See generally, 3 Witkin, Cal. Procedure (2d ed 1971) Pleading, § 812, pp. 2421, 2422.)

■ A demurrer only tests the sufficiency of the pleading; it does not address evidence or other extrinsic matters except those subject to judicial

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

notice. (*Childs* v. *State of California* (1983) 144 Cal.App.3d 155, 163 [192 Cal.Rptr. 526].)

### III

Here, the trial court properly judicially noticed the no-fault insurance statute of Hawaii containing the following language (Rev. Stats., § 294-36, subd. (a)(1)): "Statute of Limitations. (a) No suit shall be brought on any contract providing no-fault benefits or any contract providing optional coverage more than: [¶] (1) Two years from the date of the motor vehicle accident upon which the claim is based . . . ." A copy of this statute was given to the trial court. The record does not suggest the trial court judicially noticed Hawaii Revised Statutes section 657-13 which tolls the beginning of the statute of limitations on contract actions until a minor becomes 18 years of age.[2] Further, because the tolling statute applies to all actions specified in part I, chapter 657 (with the exclusions stated), it also applies to time limitations incorporated into contracts.

Allstate gave the trial court a copy of chapter 294 (the no-fault legislation), but no copy of Hawaii statutes contained in chapter 657, relating to statutes of limitations and their application. The trial court did not judicially notice chapter 657, nor was it called to its attention. The minor's attorney showed he was unaware of the Hawaii tolling statute by conceding the action would be time-barred if brought in Hawaii courts, arguing only that California's tolling law should apply under a conflict of laws analysis. However, because Allstate fails to show there is any relevant difference between the Hawaii and California tolling statutes, or their application by the courts of those states, the conflict of laws issue is not relevant.

### IV

Allstate's claim that including the two-year limitation into the insurance contract bars the minor's claim because it now is a contractual term which the minor necessarily affirms when suing on the contract, fails. The record here and below does not include the contract of insurance and it was not called to the trial court's attention in any of the written points and authori-

---

[2]Hawaii Revised Statutes section 657-13 reads: "If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either: [¶] (1) Within the age of eighteen years; or, [¶] (2) Insane; or, [¶] (3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than his natural life; such persons shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists. [CC 1859, § 1039; RL 1925, § 2648; RL 1935, § 3919; RL 1945, § 10430; RL 1955, § 241-12; am L 1963, c 13, § 1 and c 85, § 3; HRS § 657-13; am L 1972, c 2, pt of § 37]."

ties, nor was it submitted as an exhibit. Thus, the court did not, and could not, take judicial notice of the contract terms. In fact, this argument was neither raised nor ruled on below.

V

Allstate incorrectly contends statutes containing special time limitations without specifically differentiating between minors and adults vitiate the application of the tolling statutes. For this proposition it mistakenly relies upon the holding in *State Farm, etc. Ins. Co.* v. *Superior Court* (1965) 232 Cal.App.2d 808 [43 Cal.Rptr. 209], which in turn declared itself bound to follow the holding in *Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831]. *State Farm* involved a lawsuit to recover uninsured motorist coverage under a policy written pursuant to Insurance Code section 11580.2. As it read in 1961, that statute states no cause of action shall *accrue* unless suit for bodily injury "has been filed against the insured motorist, in a court of competent jurisdiction" or agreement as to amount due had been concluded or the insured had formally instituted arbitration proceedings within one year. (Accord *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63 [54 Cal.Rptr. 470].) *Artukovich* does not specifically address the problem of statutes of limitations, rather it holds that minors, as well as adults, must file claims according to the Governmental Tort Claims Act (then Cal. Pol. Code, §§ 4074-4079) as a *prerequisite to maintaining a law suit.*

The inappositeness of Allstate's citations is expressed in *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr.297, 440 P.2d 497], where the Supreme Court confirms *Artukovich* was really not a tolling problem, but one deciding whether it was even necessary for a minor to file a claim. Further, *Pacific Indemnity* and *State Farm* relate to uninsured motorist legislation creating a statutory condition precedent for preserving a potential cause of action under the insurance policy, not a time limitation for suing the insurer after a cause of action has accrued. (See *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502, 510 [63 Cal.Rptr. 177].) On the other hand, the statute of limitations in the Hawaii statute purports only to regulate the time for instituting the suit after the cause of action accrued.

In referring to the effect of section 352, *Williams, supra,* 68 Cal.2d 599, describes California's strong public policy interest in safeguarding children's litigation rights occurring during their minority: "The legislative protection of the rights of the minor in all chapter three causes cuts across the limitations applicable to other litigants; the Legislature has enacted an express and clear tolling of the statute for the minor. We need engage in no

rhetoric to establish the minor's rights; we need not rely on precepts of statutory construction to support it.

"The express words of the statutes effectuate a deep and long recognized principle of the common law and of this state: children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations. . . ." (*Id.*, at p. 602.) Further, as to any cause of action mentioned or covered in chapter 3, "the minor's cause is protected until majority, no matter what statutory limitations apply to litigants other than minors." (*Id.*, at p. 601.)

Further, the minor is not suing to enforce a statutorily created right, but to obtain the contractual benefits under a policy of insurance. The fact the insurance policy was written to satisfy the requirement that the insured motorist have no-fault insurance, is not relevant to our inquiry.[3]

Contrary to Allstate's representation, Hawaii Revised Statutes chapter 294 creates no new cause of action. It provides for the partial abolition of tort liability with respect to persons insured in accordance with its provisions, but not to those uninsured. (See *Joshua* v. *MTL, Inc.* (1982) 65 Hawaii 623 [656 P.2d 736, 739].) It simply legislatively reallocates the economic burdens incidental to redressing certain economic losses of motor vehicle accidents to allow compensation for certain losses without regard to fault. (Hawaii Rev. Stat. § 294-1.)

In any event, the statute of limitation in Hawaii Revised Statutes section 294-36 is a pure time limitation, merely affecting the period in which a person may claim benefits, not the right of action. Similarly, wrongful death actions are not specifically listed in chapter 657, part I, but in a different chapter of laws (Hawaii Rev. Stat. § 663-3). Hawaii Revised Statutes section 663-3 contains in its special statute a limitation of two years. The Hawaii Supreme Court in *Hun* v. *Center Properties* (1981) 63 Hawaii 273 [626 P.2d 182, 187-189], reaffirmed the public policy considerations favored protecting minors' litigation rights by applying the tolling special statute (Hawaii Rev. Stat. § 657-13) for time limitations in statutes outside chapter 657, where the separate statute does not specifically negate its use. The Hawaii court noted the split of authority among jurisdictions and adopt-

---

[3]Hawaii Revised Statutes section 294-8, requires every owner of a motor vehicle used or operated at any time on any public street, road or highway of Hawaii to obtain a no-fault policy. This mandatory requirement places only an obligation upon the vehicle owner. Section 294-20 et seq. establishes a joint underwriting plan consisting of all insurers authorized to write and engaged in writing automobile insurance in this state. Thus, the statute requires every insurer transacting insurance business in Hawaii to join the pool and provide no-fault insurance.

ed those cited in *Wilbon* v. *D. F. Bast Co., Inc.* (1977) 48 Ill.App.3d 98 [365 N.E.2d 498], affirmed (1978) 73 Ill.2d 58 [382 N.E.2d 784]. *Bast* emphasizes the favored status of minors to court protection and mandates liberal construction of statutes containing special time limitations to effectuate the policy underlying general tolling statutes. Thus, Hawaii, and California alike, would toll the two-year claim period in Hawaii Revised Statutes section 294-36, during the claimant's minority.

## VI

Further, there is no reason to believe either party here intended their contractual two-year statute of limitations in the insurance policy itself to have any effect upon an applicable tolling statute. Allstate mistates the holding of *Reiter* v. *Aetna Life Ins. Co.* (D.N.J. 1940) 33 F.Supp. 159, for the proposition that time limitation in insurance contracts which are silent as to the effect of tolling statutes, somehow become contracts which are not subject to tolling. First, *Reiter* cannot fairly be read to have been written in face of an otherwise applicable tolling statute. In fact, the court states: "Nor is there any statute that I know of which would excuse him for not suing within the period of his infancy." (*Id.*, at p. 160.) Second, even if we cannot take the *Reiter* court at its word, the importance of applying tolling statutes to promote Hawaii and California's legislative goal of protecting minor's rights would cause us to reject Allstate's contention.

Judgment reversed.

Brown (Gerald), P. J., and Staniforth, J., concurred.