[No. B035564. Second Dist., Div. Seven. Apr. 7, 1989.]

COLLEEN L., a Minor, Plaintiff and Appellant, v. HOWARD M., Defendant and Respondent.

**COUNSEL**

Zelinsky & Lipton, Donald Zelinksy and Hugh A. Lipton for Plaintiff and Appellant.

Blum & Roseman and Mark E. Roseman for Defendant and Respondent.

**OPINION**

**WOODS (Fred), J.**—Our question is: Does Code of Civil Procedure section 340.1[1] which grants to certain sexually assaulted minors a three-year period, instead of a one-year period, to file an action, deny those same minors the tolling benefits of section 352? Our answer is no.

### PROCEDURAL BACKGROUND

On January 21, 1986, while appellant was still a minor, one month shy of her eighteenth birthday, she filed the instant complaint, by her guardian ad litem, against respondent. The complaint alleged that during the 10-year period 1971-1981 respondent by threats and force sexually assaulted her.[2] The complaint did not allege any family relationship between appellant and respondent.

Respondent's answer, filed July 11, 1986, denied appellant's essential allegations based upon respondent's lack of "information or belief."

---

[1] Unless otherwise noted all statutory references are to the Code of Civil Procedure.

[2] Three causes of action, all based on the same conduct, are alleged: assault and battery, negligence, and trespass to person.

On March 18, 1988, respondent filed a notice of motion for summary judgment (§ 437c) stating two undisputed "facts," first, that appellant is his daughter, and second, that applicable section 340.1's[3] three-year filing period expired in 1984, well before appellant filed her complaint.

Appellant's opposition to respondent's summary judgment motion appears to correct their relationship to stepdaughter and stepfather and secondly to state that appellant was still a minor when she filed her complaint and therefore the filing period was tolled by section 352, subdivision (a)(1).[4]

On June 10, 1988, as reflected by the clerk's minute order, the court granted respondent's motion for summary judgment "pursuant to Code of Civil Procedure section 340.1."[5]

### DISCUSSION

For the purposes of the summary judgment motion appellant and respondent agreed on the facts, with the exception of whether respondent was the father or stepfather of appellant, an immaterial fact since section 340.1 (*ante,* fn. 3) applies to both. Thus the issue for the trial court was, and on appeal is, one of law.

██ This issue of law, whether the tolling protections of section 352 (*ante,* fn. 4) are nullified by the filing limitation provisions of another

---

[3] "(a) In any civil action for injury or illness based upon lewd or lascivious acts with a child under the age of 14 years, fornication, sodomy, oral copulation, or penetration of genital or anal openings of another with a foreign object, in which this conduct is alleged to have occurred between a household or family member and a child where the act upon which the action is based occurred before the plaintiff attained the age of 18 years, the time for commencement of the action shall be three years.

"(b) 'Injury or illness' as used in this section includes psychological injury or illness, whether or not accompanied by physical injury or illness.

"(c) 'Household or family member' as used in this section includes a parent, stepparent, former stepparent, sibling, stepsibling, any other person related by consanguinity or affinity within the second degree, or any other person who regularly resided in the household at the time of the act, or who six months prior to the act regularly resided in the household.

"(d) Nothing in this bill is intended to preclude the courts from applying delayed discovery exceptions to the accrual of a cause of action for sexual molestation of a minor.

"(e) This section shall apply to both of the following: [¶] (1) Any action commenced on or after January 1, 1987, including any action which would be barred by application of the period of limitation applicable prior to January 1, 1987.

"(2) Any action commenced prior to January 1, 1987, and pending on January 1, 1987."

[4] "If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued, either: [¶] 1. Under the age of majority; . . . the time of such disability is not a part of the time limited for the commencement of the action." Section 340.1 is in chapter 3. Both sections 340.1 and 352 are part of title 2.

[5] *The record on appeal does not include a transcript of the hearing nor the judgment* (granting the motion for summary judgment) which is missing and lost from the file.

section, is not novel. In *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497] a minor-plaintiff filed a complaint after the prescribed six-month filing period had elapsed. There, as in the instant case, the question was whether minor-plaintiff enjoyed the tolling benefits of section 352.

The court stated: "Section 352 of the Code of Civil Procedure, which governs this case, preserves during minority the minor's right to bring any action *mentioned* in chapter three of part two, title two of that code."[6] (68 Cal.2d at p. 601. Original italics.) After indicating that the applicable limitations section was mentioned in chapter three, the court expressed the function and policy of section 352 this way: "The legislative protection of the rights of the minor in all chapter three causes cuts across the limitations applicable to other litigants; the Legislature has enacted an express and clear tolling of the statute for the minor. We need engage in no rhetoric to establish the minor's right; we need not rely upon precepts of statutory construction to support it.

"The express words of the statutes effectuate a deep and long recognized principle of the common law and of this state: children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations. This principle became a part of California statutory law as long ago as 1863. . . ." (68 Cal.2d at p. 602.)

Similarly, in *Jessica H.* v. *Allstate Ins. Co.* (1984) 155 Cal.App.3d 590 [202 Cal.Rptr. 239] the court, by applying section 352, tolled a special two-year limitation provision applicable to no-fault insurance actions.

Most recently, the plaintiff in *Snyder* v. *Boy Scouts of America, Inc.* (1988) 205 Cal.App.3d 1318 [253 Cal.Rptr. 156] contended that his action was based upon section 340.1 and therefore timely filed because section 352 tolled the limitation period during his minority and the complaint, filed 15 months thereafter, was well within section 340.1's 3-year period. This argument, squarely opposite to respondent's position, that a minor who has been sexually assaulted by a family member may both toll the limitation period pursuant to section 352 and then, upon reaching majority, have three years to file an action pursuant to section 340.1, was impliedly accepted by the court (*id.*, at p. 1325) but held inapplicable to plaintiff (since defendant was not a household or family member).

Respondent's position is the opposite. He contends that the class of children described by section 340.1 have three years from the last injurious

---

[6] Section 342, the limitations section in *Williams,* like section 340.1, is in title 2, chapter 3 as referred to by section 352.

act to file an action. (While other similarly injured children but not described by section 340.1 have one year to file an action.)[7] Such children described by section 340.1 are without the tolling benefits of section 352 (while other children not described by § 340.1 enjoy the tolling benefits of § 352).

This position, and the summary judgment order which adopted it, may be illuminated by the following examples.

Example 1. Father sexually assaults his one-year-old daughter Mary. A stranger sexually assaults one-year-old Jane.

It is respondent's position that Jane may bring her action against stranger anytime until her 19th birthday but Mary must file her complaint against father before her 4th birthday.[8]

Example 2. Father sexually assaults his one-year-old daughter Sue and also sexually assaults her one-year-old friend Ellen.

It is respondent's position that Ellen may bring her action against father anytime until her 19th birthday but Sue must file her complaint against Father before her 4th birthday. (See fn. 7.)

We reject respondent's construction of sections 340.1 and 352 as absurd. ▉ "[L]egislative policy is best effectuated by avoiding those constructions which lead to mischief or absurdity." (*People* v. *Jeffers* (1987) 43 Cal.3d 984, 998-999 [239 Cal.Rptr. 886, 741 P.2d 1127].)

▉ As *Williams* aptly said "Despite the Legislature's express preservation in Code of Civil Procedure section 352 of the minor's right to sue, [respondent] would outlaw such action upon the ground of an alleged *implied* negation of it." (*Williams* v. *Metropolitan Transit Authority, supra,* 68 Cal.2d 599, 603. Original italics.)

We hold that a minor described by section 340.1 enjoys the tolling benefits of section 352. The trial court in granting the motion for summary judgment, was therefore in error.[9]

---

[7] Section 340, subdivision (3).

[8] Jane may rely on section 352 until her 18th birthday and then has 1 year, pursuant to section 340, subdivision (3), to file her complaint. Mary has three years to file her complaint, pursuant to section 340.1, but may not rely on section 352.

[9] It is unnecessary for us to discuss either "delayed discovery" (§ 340.1, subd. (d)) or divestiture of appellant's cause of action by giving retroactive effect to section 340.1. (See, e.g., *Black* v. *Vermont Marble Co.* (1905) 1 Cal.App. 718, 723-724 [82 P. 1060].)

## DISPOSITION

The order granting respondent's motion for summary judgment is reversed. Costs on appeal are awarded to appellant.

Lillie, P. J., and Johnson, J., concurred.