RUBIN, J., Dissenting.
I respectfully dissent.
The statute of limitations applicable to a minor’s causes of action is tolled until his 18th birthday. (Code Civ. Proc., § 352, subd. (a).)[1] This statute “effectuate[s] a deep and long recognized principle of the common law and of this state: children are to be protected during their minority from the destruction of their rights by the running of the statute of limitations. This principle became a part of California statutory law as long ago as 1863 . . . .” (Williams v. Los Angeles Metro. Transit Auth. (1968) 68 Cal.2d 599, 602-603 [68 Cal.Rptr. 297, 440 P.2d 497] (Williams).) This special safeguard is required because minors do not have the comprehension or experience of an adult and because they can sue only through a guardian. (West Shield Investigations & Security Consultants v. Superior Court (2000) 82 Cal.App.4th 935, 947 [98 Cal.Rptr.2d 612].)
The Drug Dealer Liability Act (Health & Saf. Code, § 11700 et seq. (the Act)) provides a civil remedy for damages to persons injured by the use of illegal controlled substances. The Act is designed to permit recovery of damages from those who take part in furnishing or marketing illegal drugs. (Health & Saf. Code, § 11701.) In enacting this law, the Legislature found that the civil justice system could also serve as a weapon against the marketing of illegal drugs, as well as compensate those damaged by such conduct. (Health & Saf. Code, § 11702, subd. (a).)
*1464 The Act grants standing to a wide variety of parties harmed by an individual’s drug use, including children of the user and those exposed to the drugs as unborn children. (Health & Saf. Code, § 11705, subd (a)(1), (2).)[2] The majority would deprive these plaintiffs of the special protections afforded by section 352, and thereby hamstring their ability to vindicate their rights under the Act, for two purported reasons: (1) because claims brought under the Act are not specifically mentioned in sections 335 through 349.4, which comprise chapter 3 of part 2 of the Code of Civil Procedure, as required under section 352, subdivision (a); and (2) because the Legislature supplied a tolling provision for defendants that runs until they are convicted of a drug-related offense but did not expressly include tolling for minors. In my opinion, the majority’s first point misapprehends the issue before us. The second misconstrues the Act’s language and legislative history.
Section 352 applies to actions “mentioned” in sections 335 through 349.4. (§ 352, subd. (a).) Among these are “action[s] upon a liability created by statute” (§ 338, subd. (a)), which I believe applies to the Act. The majority effectively holds that where such liability exists and the statutory scheme includes its own limitations period, statutory tolling for minors does not apply unless the Legislature expressly says so. Although the Act is designed to provide a remedy for children who have been harmed by drug dealing activity, the majority’s interpretation will likely slam shut the courthouse doors to them in virtually every case. As set forth below, I believe the majority is wrong and that its holding has profound implications far beyond this case that call for clarification by the Legislature and our Supreme Court.
1. The Act Is “Mentioned” in Section 338 as a Liability Created by Statute
As just noted the tolling provision of section 352 applies to any action “mentioned” in sections 335 through 349.4. (§ 352, subd. (a).) Barker makes two separate arguments on this issue. In her opening appellate brief, she points to section 338, subdivision (a), which provides a three-year limitations period for actions based on a liability created by statute, and to section 340, subdivision (a), which provides a one-year limitations period for actions upon a statute for a penalty or forfeiture. These two provisions supply the required nexus with section 352, Barker contends, because the Act creates a statutory liability. In her appellate reply brief, Barker also contends that the three-year limitations period of section 338, subdivision (a) applies independently.
*1465 The majority does not differentiate between these separate issues. Instead, it recites the settled rule that a specific limitations period governs over a more general one and holds that the Act’s internal limitations period takes it outside the scope of section 338. As a result, the majority concludes, liability under the Act is not “mentioned” in either section 338 or section 340, eliminating the need to determine which of those two limitations periods applies.
It is therefore unclear whether the majority is addressing only Barker’s second contention or has simply conflated it with her first. In either case, the issue is not whether the three-year period of section 338 applies instead o/the Act’s one-year timeframe. It does not. Instead, the issue is whether, for purposes of section 352, liability under the Act is mentioned in section 338, subdivision (a) because it is a liability created by statute.[3]
Although the majority does not articulate it this way, it effectively holds that liability under the Act is not created by statute under section 338, subdivision (a) because the Act contains its own internal limitations period. Implicit in this are the following: (1) when liability is created by a statutory scheme that does not provide its own limitations period, it falls within section 338 and tolling under section 352 applies unless it is expressly excluded and (2) when liability is created by a statutory scheme that does include such an internal limitations period, then section 352 tolling does not apply unless the Legislature expressly includes it.
If so, then section 352 impliedly states that actions by minors are tolled until their 18 th birthday if they bring an action based upon a liability created by statute, unless the statutory scheme includes an internal limitations period and does not expressly provide that section 352 tolling applies. The majority cites no authority that would permit adding such wording to section 352, and as far as I can tell, none exists. Instead, the most relevant decisional authority holds to the contrary.
*1466 Our Supreme Court in Williams held that section 352 applied to Government Code section 945.6’s six-month limitations period for causes of action against government entities because section 342, which states that actions against public entities must be brought within the time allowed under Government Code section 945.6, mentioned such actions. “Hence, as to any cause of action mentioned or covered, in that chapter, the minor’s cause [of action] is protected until majority, no matter what statutory limitations apply to litigants other than minors.” (Williams, supra, 68 Cal.2d at p. 601, italics added & omitted.)
The Williams court rejected the transit authority’s contention that because Government Code section 945.6, subdivision (b) permitted tolling for felons but did not mention tolling for minors, the Legislature must have inferentially repealed the tolling provision for children. First, doing so would reverse the strong public policy in favor of tolling for minors. Second, when the Legislature enacted section 342 in 1963 as part of the general legislation relating to claims and actions against public entities, it “concurrently and clearly ‘mention [ed]’ actions against public entities and presented] the exemption of minors from the running of the statute of limitations.” (Williams, supra, 68 Cal.2d at pp. 603-604.)
The majority correctly points out that the Legislature amended section 352 in 1970 by adding subdivision (b), which states that section 352 does not apply to actions against public entities subject to a statutory claims presentation requirement. Although this amendment nullified Williams's specific holding insofar as actions against public entities are concerned, the underlying legal principle—that minors’ tolling applies even if not mentioned in a statute of limitations—remains alive and well in other contexts and has been applied in appellate decisions after the 1970 amendment.
The court in Jessica H. v. Allstate Ins. Co. (1984) 155 Cal.App.3d 590 [202 Cal.Rptr. 239] (Jessica H.) applied Williams in an action that arose from the death of a Hawaii resident in a California automobile accident. The decedent’s auto insurance policy provided $15,000 in no-fault benefits coverage to his children if he were killed in an auto collision. The insurance company denied his daughter’s timely demand for those benefits, and she sued the insurer in California more than four years after the accident occurred. The trial court sustained without leave to amend the defendant’s demurrer on the ground that the action was time-barred by a Hawaii statute that imposed a two-year limitations period on claims arising from no-fault benefits coverage.
*1467 The Jessica H. court pointed out that Hawaii had a general tolling provision similar to section 352, meaning there were no relevant differences between California and Hawaii law that required a conflict of laws analysis. (Jessica H., supra, 155 Cal.App.3d at p. 593.) Citing language from Williams concerning the strong public policy in favor of protecting minor’s rights, the Jessica H. court reversed, holding that the two-year limitations period was tolled while the daughter was a minor even though the Hawaii two-year statute of limitations said nothing about tolling. (Id. at pp. 594—596.) Under both Hawaii and California law, “general tolling statutes apply to special time limitations for filing suit contained in specific statutes in the absence of an expression of legislative intent to the contrary.” (Id. at pp. 592, 595-596; accord, 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 696, p. 916.)
The same rationale was applied to section 340.1, the statute of limitations applicable to a minor’s claims for sexual abuse, in Colleen L. v. Howard M. (1989) 209 Cal.App.3d 542 [257 Cal.Rptr. 263] (Colleen L.). The plaintiff in that case sued her stepfather under an early version of section 340.1, which provided a three-year limitations period for civil actions based on sexual abuse of a child under the age of 14. She sued right before she turned 18 but more than three years after the abuse occurred, and the stepfather was granted summary judgment on the ground that the limitations period had expired. Relying on both Williams and Jessica H., the Colleen L. court held that actions under section 340.1 were tolled by section 352 even though such tolling was not mentioned in the statute. (209 Cal.App.3d at pp. 544—546.)
Construing section 352 to apply here because liability under the Act is mentioned in section 338 as a liability created by statute is both consistent with these legal principles and vindicates the strong public policy in favor of protecting minors’ rights through the tolling provision. Although children, including the unborn, are clear beneficiaries of the Act, the majority’s interpretation would likely bar redress for many such plaintiffs.
Children must depend on a parent or guardian to bring an action on their behalf. A child with a viable claim under the Act might not even know about the facts giving rise to his claim, much less the existence of the Act. This is especially so for a child whose claim arose from in útero exposure to drug use. What about a child whose claim flows through a drug-using parent who is imprisoned for his or her drug use, or a child placed in foster care as a result of drug-using parents? Even absent such circumstances, not all parents would be aware of the child’s rights under the Act, and of those who do, some might be reluctant to incur the time, trouble, and potential expense of *1468 bringing an action on their child’s behalf. I do not believe the Legislature had such a bizarre result in mind when it enacted the Drug Dealer Liability Act and expressly included children among those with standing to sue.
2. The Legislature Did Not Exclude Section 352 Tolling from the Act
Subdivision (a) of Health and Safety Code section 11714 states that its one-year limitations period runs from the date unlawful drugs were furnished and applies “[e]xcept as otherwise provided in this section . . . .” Subdivision (b) supplies that exception, stating that the limitations period for a defendant “does not expire until one year after the individual potential defendant is convicted of a criminal offense involving an illegal controlled substance or as otherwise provided by law.”
According to the majority, subdivision (b) is a tolling provision. It then invokes the expressio unius est exclusio alterius rule of statutory construction: when the Legislature sets forth certain exemptions in a statute, omitted exemptions are excluded and cannot be implied. (Blankenship v. Allstate Ins. Co. (2010) 186 Cal.App.4th 87, 94 [111 Cal.Rptr.3d 528].) The majority then concludes that the Legislature did just that in subdivision (b) of Health and Safety Code section 11714, thereby excluding any other form of tolling, including under section 352. It supports this conclusion with a portion of a Senate committee analysis of the Act, which said that under the bill “the statute does not expire until one year after a person is convicted of drug trafficking,” and also referred to subdivision (b) as a “tolling provision.” (Sen. Com. on Crim. Proc., Analysis of Sen. Bill No. 1754 (1995-1996 Reg. Sess.) as amended May 29, 1996, pp. t-u.)
Williams held that this rule of statutory construction did not apply to the statute of limitations for actions against public entities because “[i]n the absence of express statutory provision, courts will not find an implied abrogation of long established principles.” (Williams, supra, 68 Cal.2d at p. 603.) Because the Legislature enacted section 342 along with its mention of actions against public entities as part of its general legislation on such claims, it “concurrently and clearly” mentioned such actions within the set of Code of Civil Procedure provisions applicable to section 352. Although Government Code section 945.6 both mentioned and limited the tolling period for prisoners, it “does not purport to qualify in any manner the tolling provisions of section 352 as to children.” (Williams, at p. 604, italics omitted.)
*1469 In accord with this principle, decisions which have held that tolling under section 352 or other similar provisions are excluded from a statute of limitations have done so only when the Legislature has made its intent clear. For example, section 340.5 provides the limitations period for medical malpractice actions at the earlier of either three years from the date of injury or one year from when the plaintiff discovers his injury. The statute provides that “[i]n no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body ... in the person of the injured person.” (Italics added.) Decisions interpreting this statute have held that the one-year limitations provision is subject to statutory tolling up to the outer limit of three years because the one-year provision does not contain the three express tolling provisions that qualify the outer three-year limitations period. In contrast, the Legislature’s use of the phrase “in no event,” followed by the three express forms of tolling in the three-year limitations provision, was an express statement by the Legislature that any other forms of tolling beyond those stated the in three-year time limit were precluded. (See Alcott Rehabilitation Hospital v. Superior Court (2001) 93 Cal.App.4th 94, 101-104 [112 Cal.Rptr.2d 807], and cases cited therein.)[4]
Assuming for the sake of argument only that subdivision (b) of Health and Safety Code section 11714 is a tolling provision, I find it ambiguous and do not see a clear and express legislative intent to preclude other forms of tolling, particularly tolling for minors. Ultimately, I conclude this rule of statutory construction has no application here because subdivision (b) creates not a tolling provision but an enlarged limitations period applicable to only certain defendants.
A tolling provision “stops the clock” from running and is distinguishable from an enlarged limitations period. (See Woods v. Young (1991) 53 Cal.3d 315, 325-326 & fn. 3 [279 Cal.Rptr. 613, 807 P.2d 455] [construing provisions requiring notice to a health care provider before suing for malpractice as extending rather than tolling the statute of limitations].) Subdivision (b) of Health and Safety Code section 11714 does not mention tolling or a *1470 suspension of the limitations period. Instead, it. states that the statute of limitations “does not expire” until one year after the defendant is convicted of a drug offense.[5]
Under Health & Safety Code section 11714, subdivision (a), a claim under the Act cannot be brought “more than one year after the defendant furnishes” the illegal drugs. Under subdivision (b) of that section, however, the statute of limitations “does not expire until one year after the individual potential defendant is convicted of a criminal offense involving an illegal controlled substance or as otherwise provided by law.” These competing provisions seem confusing and contradictory, but I believe a reasonable construction may be found by examining them against other provisions of the Act.
Persons liable under the Act are those who “knowingly participate!] in the marketing of illegal controlled substances.” (Health & Saf. Code, § 11704, subd. (a).) To participate in such marketing means to manufacture, transport, import into this state, sell, possess with intent to sell, furnish, administer, or give away illegal controlled substances. (Health & Saf. Code, § 11703, subd. (g).)
Persons with standing under the Act may sue those who “sold, administered, or furnished an illegal controlled substance to the individual user of the . . . substance” (Health & Saf. Code, § 11705, subd. (b)(1)) and those “who knowingly participated in the marketing of illegal controlled substances . . . .” (Health & Saf. Code, § 11705, subd. (b)(2).) However, an action may not be brought against one who did not furnish the drug but instead knowingly participated in the marketing of illegal controlled substances under subdivision (b)(2) of Health and Safety Code section 11705 unless certain conditions are met, including: the defendant’s participation in the marketing of illegal drugs was connected with the same type of drug taken by the individual user and “the defendant has been convicted of an offense for that type of specified illegal [drug]”', and “[t]he underlying offense for the conviction of the specified illegal controlled substance occurred in the same county as the individual user’s place of use.” (Health & Saf. Code, § 11705, subd. (b)(2)(B), (D), italics added.)
Therefore, the Act distinguishes two groups of potential civil defendants: (1). Those who sell or furnish drugs to an individual user and (2) those who *1471 participate in other marketing activities by requiring that the latter have been convicted of a drug offense arising from their participation. (Health & Saf. Code, § 11705, subd. (b)(2).) When viewed in this context, I believe Health and Safety Code section 11714 makes a similar distinction.
As I see it, the one-year time period of subdivision (a) of Health and Safety Code section 11714 applies to defendants who actually furnished the drug, as to whom no conviction is required as a predicate to liability under the Act. Subdivision (b) applies a differently calibrated one-year limitations period to “individual potential defendants],” which I believe refers to defendants whose liability under the Act is based on marketing participation activities apart from selling or furnishing drugs to the individual user. Because a conviction for a drug-related offense arising from their marketing participation activities is a condition precedent to liability under the Act, this subdivision sets them apart as potential defendants by providing a one-year limitations period that runs from the date of any conviction. This makes sense because until and unless such potential defendants are convicted, they cannot be held liable under the Act.
Therefore the point of subdivision (b) of Health and Safety Code section 11714 is to create a different limitations period for claims against a subcategory of potential defendants. It does so by enlarging the statute of limitations to allow time for marketing participation defendants to be charged and tried for their activities if they have not already received a qualifying conviction and by giving plaintiffs one year from that date to sue. In this sense the statute of limitations in Health and Safety Code section 11714 is akin to the childhood sex abuse statute of limitations, which provides for an age 26 cutoff on the statute of limitations against certain defendants but provides a longer limitations period against the actual perpetrator of abuse and entity defendants who had reason to know of the perpetrator’s sexual abuse. (§ 340.1, subds. (a)(1), (2) & (3), (b)(1), (2).)
My interpretation is bolstered by a fuller examination of the Act’s legislative history. The evolution of a proposed statute after its original introduction is relevant to showing legislative intent. (Conservatorship of Bryant (1996) 45 Cal.App.4th 117, 128 [52 Cal.Rptr.2d 755].) An amendment that deletes certain language and replaces it with different terms creates a presumption that the Legislature intended a different meaning and effect. (Id. at p. 129.) Legislative rejection of specific language in an act as originally introduced is persuasive evidence the act should not be construed to include the omitted language. (Id. at p. 130.)
When first introduced on February 22, 1996, the proposed version of Health and Safety Code section 11714, subdivision (a) called for a two-year limitations period that ran from the time the plaintiff had reason to know he had *1472 been harmed by the defendant’s act of furnishing unlawful drugs. Proposed subdivision (b) stated, “For a plaintiff, the statute of limitations under this section is tolled . . .” while the plaintiff was incapacitated by his use of illegal drugs, and, for a defendant, the statute of limitations “[was] tolled!’ until six months after his conviction of a drug offense. (Sen. Bill No. 1754 (1995-1996 Reg. Sess.) as introduced Feb. 22, 1996, italics added; see Legis. Counsel’s Dig., Sen. Bill No. 1754 (1995-1996 Reg. Sess.) 6 Stats. 1996, Summary Dig., p. 348.) On May 29, 1996, the Act’s limitation provision was amended into its current form, omitting all references to tolling in subdivision (b). (Sen. Bill No. 1754 (1995-1996 Reg. Sess.) as amended May 29, 1996; see Legis. Counsel’s Dig., Sen. Bill No. 1754 (1995-1996 Reg. Sess.) 6 Stats. 1996, Summary Dig., p. 348.) In short, the bill as originally introduced included what was expressly described as a tolling provision, but that language was deleted and replaced with language that enlarged the limitations period for certain defendants.[6]
Based on this I conclude the Legislature did not intend subdivision (b) of Health and Safety Code section 11714 to serve as a tolling provision. Instead, as set forth above, it enlarges the limitations period for certain defendants under certain circumstances. As a result, the provision is subject to the principle of Williams, supra, 68 Cal.2d 599, that absent an express legislative limitation on the applicability of section 352, tolling for minors is available under the Act. Therefore I would reverse the trial court’s judgment.
CONCLUSION
Nothing in section 352 states or even remotely suggests that it does not apply to actions upon a statutory liability that include an internal limitations period unless the Legislature expressly declares that it does. I believe the majority has announced a new rule that undermines the special protections afforded to minors under section 352. Even though this new rule seems odd enough when applied to the Drug Dealer Liability Act, which was intended to benefit children, its implications extend far beyond the Act and extend to all actions upon a statutory liability, many of which have their own statutes of limitations “scattered throughout the many special codes.” (3 Witkin, Cal. Procedure, supra, Actions, § 431, p. 548.) If I am right, the majority’s error should be corrected. If the majority is right, then for statutory liabilities where the Legislature intended that section 352 apply, but did not say so in *1473 the statute’s internal limitations provision, remedial legislation would be necessary to correct the oversight. In either case, I urge the Supreme Court to clarify this matter. (People v. Knox (2004) 123 Cal.App.4th 1453, 1464 [20 Cal.Rptr.3d 877] (dis. opn. of Mihara, J.).)
A petition for a rehearing was denied September 12, 2013. Rubin, J., was of the opinion that the petition should be granted. Appellant’s petition for review by the Supreme Court was denied November 26, 2013, S213760. Kennard, J., was of the opinion that the petition should be granted.

 All further undesignated section references are to the Code of Civil Procedure. Section 352 also tolls the statute of limitations during the time a person is insane.

 The Act also grants standing to siblings such as Barker. Because she was a minor when Garza allegedly furnished her late brother with drugs, I analyze the issue through the prism of the rights of minors.

 The Act extends liability to market participants with an indirect relationship to an individual drug user (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 1754 (1995-1996 Reg. Sess.) as amended May 29, 1996), extends standing to parties with an indirect relationship to the individual drug user (Health & Saf. Code, § 11705, subd. (a)(3), (4)), creates a presumption that market participants are liable in certain prescribed percentages depending on the amount of drugs involved (Health & Saf. Code, § 11708), estops defendants with certain drug offense convictions from contesting that they participated in drug marketing activities (Health & Saf. Code, § 11712, subd. (b)(1)), and allows for ex parte prejudgment attachment of a defendant’s assets. (Health & Saf. Code, § 11713, subd. (a).) As a result, liability under the Act is not coterminous with common law claims and is created by statute. (Valdez v. Himmelfarb (2006) 144 Cal.App.4th 1261, 1269-1270 [51 Cal.Rptr.3d 195]; Liberty Transport, Inc. v. Harry W. Gorst Co. (1991) 229 Cal.App.3d 417, 431-434 [280 Cal.Rptr. 159], disapproved on other grounds in Adams v. Murakami (1991) 54 Cal.3d 105, 115 [284 Cal.Rptr. 318, 813 P.2d 1348].)

 The majority’s reliance on Blankenship v. Allstate Ins. Co., supra, 186 Cal.App.4th 87 is also misplaced because, as that court itself acknowledged, it was construing a provision that governed the conditions precedent to the bringing of a cause of action against an insurer to recover under an auto insurance policy’s uninsured motorists coverage, not a statute of limitations. The court concluded that the statute in question, Insurance Code section 11580.2, did not involve a civil “action” as that term is used in section 352, a distinction noted in Williams as well. (Blankenship, at pp. 97-98.) Properly viewed, Blankenship is not an application of tolling provisions in statutes of limitations at all.

 Given that section 11714 does not even mention the words “tolling” or “tolled,” it is hard to square the majority’s conclusion with the holding in Jessica H. that “general tolling statutes apply to special time limitations for filing suit contained in specific statutes in the absence of an expression of legislative intent to contrary.” (Jessica H., supra, 155 Cal.App.3d at p. 592, italics added.) In contrast when the Legislature has decided to preclude application of tolling statutes it has found a clear and express way to say it by using those very words. (See, e.g., Code Civ. Proc., §§ 340.5, 366.2.)

 That change probably explains why the Senate committee analysis quoted by the majority confusingly referred to proposed section 11714, subdivision (b) as both a tolling provision and the time at which the limitations period expired.