By the Court.
 

 Robert Berens, Sr., received injuries in the course of his employment on September 24,1930, and died the following day as a result thereof, leaving a widow and a son surviving. The employer having contributed to the Workmen’s Compensation Fund, the widow made application for a death award, which was granted and paid to her in weekly installments until her death on September 24, 1933. The relator on November 9, 1933, as the representative of the son, Robert Berens, Jr., a lunatic who was on September 14, 1928, committed to the Central State Hospital at Lakeland, Kentucky, made application to the Industrial Commission for the unexpended balance of the death award, which was denied, an application for rehearing was filed and dismissed, and mandamus was instituted in this court and a writ denied.
 
 (State, ex rel. Goodenough, Committee of Estate of Berens, Jr.,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 387, 191 N. E., 790.)
 

 On July 6, 1934, relator filed an application for an award on behalf of Robert Berens, Jr., as a dependent,
 
 *219
 
 which application was dismissed hy the commission upon the grounds, first, that the application was not filed within two years from the date of decedent’s death, and, second, that an affidavit filed hy decedent’s widow alleged, and the commission held, that the son was not dependent on decedent. The commission having granted an application for rehearing hut later having vacated its order and dismissed applications for rehearing and reconsideration, mandamus was brought in this court to compel the commission: first, to set aside its action vacating its order granting a rehearing; second, to reinstate the order granting a rehearing; and, third, to order a rehearing of the claim. Issues were joined by answer and reply.
 

 No application having been filed by the relator or his ward within two years after the injury or death, the claim was barred under Section
 
 1465-72a,
 
 General Code, which prescribes a condition precedent. An application for workmen’s compensation is not an action to which the saving clause in Section 11229, General Code, is applicable.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.
 

 Jones, J., not participating.