DECISION
In this original action, relator, Angela Wilson, has requested this court issue a writ ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted death benefits to her son, Michael Hickman, effective August 14, 1998, two years prior to the filing of the motion for reapportionment, instead of the November 23, 1987 date, the date of Michael's birth.
Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court deny relator's request for a writ of mandamus. (Magistrate's Decision, Appendix A.) There have been no objections filed to the decision and recommendation of the magistrate. The case is now before this court for a full review.
We agree with the magistrate's basic conclusion in that R.C. 2305.16
does not permit the backdating of the payment of death benefits prior to the two-year period preceding the filing of relator's application for death benefits. In short, R.C. 4123.52 controls the retroactive payment of death benefits and, as correctly determined by the magistrate, R.C.2305.16 does not apply to toll the statute of limitations in workers' compensation actions.
Finding no error or other defect on the face of the decision of the magistrate, pursuant to Civ.R. 53, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the decision of the magistrate, the requested writ of mandamus denied.
Writ of mandamus denied.
BRYANT and PETREE, JJ., concur.
 APPENDIX A IN MANDAMUS
Relator, Angela Wilson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted death benefits to her son, Michael Hickman, effective August 14, 1998, two years prior to the filing of the motion for reapportionment, instead of November 23, 1987, Michael's date of birth.
Findings of Fact:
1. On November 9, 1987, Chris Witt died as a result of multiple injuries he sustained in the course of and arising out of his employment.
2. An application for workers' compensation death benefits were filed by Faye Neal, Chris Witt's mother, on behalf of his two minor children, Chris Dale Witt, Jr. and Chia Marie Witt.
3. At the time, Chris was divorced from the mother of the two above-named children.
4. Subsequently, a second application for benefits was filed by Brooke Piatt Witt, on her behalf as a common law wife, and on behalf of her then unborn child whom she asserted was fathered by Chris Witt.
5. The claim was ultimately allowed and the three minor children were granted the right to participate in accordance with law and thereafter, received death benefits.
6. On August 12, 2000, relator filed a C-86 motion as mother and next friend of Michael Hickman, born November 23, 1987. Relator sought a reallocation of the benefits paid or to be paid in the claim of Chris Witt to include benefits payable to Michael Hickman. Relator asserted that Chris Witt was the father of Michael.
7. Relator established paternity following genetic testing.
8. Relator's application was heard before a district hearing officer ("DHO") on May 3, 2001. The DHO concluded that Michael Hickman is the biological son of Chris Witt and therefore a minor dependent of Chris Witt. The DHO stated further in the order as follows:
 As Michael Hickman was born on 11/23/87, he is found to be wholly dependent upon the decedent for support at that time and is awarded 25% of the death award associated with this claim. The decedent's other three children, Chris Witt, Chia Witt and David Stockum are to have their apportionment of the death benefits changed to 25% each.
 The new appointment is effective 8/14/98, two years prior to the date the motion was filed. The Industrial Commission only has continuing jurisdiction to award benefits for a period of two years prior to the date a motion is filed.
 This order is based on the genetic testing of 3/2/01 and O.R.C. 4123.52
9. Relator appealed from the DHO order asserting that R.C. 2305.16
tolls the statute of limitations for minorities and asking the commission to award Michael death benefits back to his date of birth, November 23, 1987.
10. The matter was heard before a staff hearing officer ("SHO") on June 26, 2001. The order of the SHO provides, in pertinent part, as follows:
 As Michael Hickman was born on 11/23/1987, he is found to be wholly dependent upon the decedent for support at that time and is awarded 25% of the death award associated with this claim. The decedent's other three children, Chris Witt, Chia Witt and David Stockum are to have their apportionment of the death benefits changed to 25% for each child.
 The new apportionment is effective 08/14/1998, two years prior to the filing of the motion for reapportionment. The Staff Hearing Officer finds that the Industrial Commission has continuing jurisdiction to award benefits for a period of two years prior to the date the motion is filed based on ORC 4123.52.
 The Staff Hearing Officer finds that there is no exception for minor children which would increase the two year filing provision of ORC 4123.52.
 The Staff Hearing Officer order is based upon the genetic testing on 03/02/2001 and ORC 4123.52.
11. Further appeal was refused by order of the commission mailed July 18, 2001.
12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141.
Relator contends that the provisions of R.C. 2305.16 provide a legal basis for her son's participation in the workers' compensation system being back-dated to the date of Michael's birth. For the reasons that follow, this magistrate disagrees.
In the present case, the commission applied R.C. 4123.52 to restrict the award to Michael to two years prior to the date of relator's application for death benefits. R.C. 4123.52 provides, in pertinent part, as follows:
 The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modifica-tion or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensa-tion under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84
or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subse-quent to the filing of any such application, provided the application is filed within the time limit provided in this section.
R.C. 4123.52 not only establishes a statute of limitations controlling the life of a claim, but places a further limitation on the commission's issuance of an order awarding compensation for a back period of more than two years prior to the filing of the application. In the present case, it is undisputed that relator's action was filed August 12, 2000, and the commission, in making the reapportionment, awarded compensation back to August 12, 1998.
Relator asserts that R.C. 2305.16 provides for the tolling of the statute of limitations contained in R.C. 4123.52 because Michael is a minor. R.C. 2305.16 provides, in pertinent part, as follows:
 Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. * * *
Based upon the clear language of the statute, R.C. 2305.16 only applies to causes of action arising under R.C. 1302.98, 1304.35, and 2305.04 to2305.14. Further, the Ohio Supreme Court has expressly spoken on this issue in State ex rel. Goodenough v. Indus. Comm. (1937), 132 Ohio St. 218. In Goodenough, the court addressed the tolling of the time limitation for the filing of a claim for a death award by the child of the deceased worker who happened to be of unsound mind. The Ohio Supreme Court refused to issue a writ and held that the son's application, having been filed more than two years after his father's death, completely barred his participation. The court specifically found that an application for workers' compensation is not an action to which the savings clause found in Section 1129, General Code, is applicable. This referenced General Code provision was the predecessor to R.C. 2305.16, upon which relator relies.
Later, in State ex rel. Curry v. Indus. Comm. (1979), 58 Ohio St.2d 268, the Ohio Supreme Court referenced Goodenough and reiterated that R.C.2305.16 does not apply to applications for workers' compensation. In Curry, the claimant had argued that the time for filing his application for an additional award for the violation of a specific safety requirement should have been tolled by operation of R.C. 2305.16 during his imprisonment.
Relator cites State ex rel. Cobble v. Indus. Comm. (2001),92 Ohio St.3d 22, and asserts that the Ohio Supreme Court has recently characterized R.C. 4123.52 as a statute of limitations and, since statute of limitations should not be applied to minors, this court should grant the requested writ.
This magistrate cannot dispute the fact that the result in this case is unfair. However, the law is clear that R.C. 2305.16 does not apply to toll statute of limitations in workers' compensation actions.
Based on the foregoing, relator has not demonstrated that the commission abused its discretion when it found that R.C. 2305.16 did not toll the statute of limitations found in R.C. 4123.52. As such, relator's request for a writ of mandamus should be denied.