Sᴀʀᴍɪᴇɴᴛᴏ ᴇᴛ ᴀʟ., Aᴘᴘᴇʟʟᴀɴᴛs ᴀɴᴅ Cʀᴏss-Aᴘᴘᴇʟʟᴇᴇs, *v.* Gʀᴀɴɢᴇ Mᴜᴛᴜᴀʟ Cᴀsᴜᴀʟᴛʏ Cᴏᴍᴘᴀɴʏ, Aᴘᴘᴇʟʟᴇᴇ ᴀɴᴅ Cʀᴏss-Aᴘᴘᴇʟʟᴀɴᴛ, ᴇᴛ ᴀʟ.

[Cite as *Sarmiento v. Grange Mut. Cas. Co.,*
106 Ohio St.3d 403, 2005-Ohio-5410.]

(No. 2004–0193—Submitted March 2, 2005—Decided October 26, 2005.)

Lᴜɴᴅʙᴇʀɢ Sᴛʀᴀᴛᴛᴏɴ, J.

{¶ 1} One issue before us is whether a two-year contractual limitation period for filing uninsured- and underinsured-motorist ("UM/UIM") claims is reasonable and enforceable when the underlying tort claim is governed by the laws of another state, whose statute of limitations for the claim is longer than two years. Appellants and cross-appellees, David Camacho, David Camacho III (a minor), Francisco Sarmiento, Rita Sarmiento, Braulio Sarmiento (a minor), Jesus Sarmiento, and Delores Sarmiento (collectively, "Sarmientos"), urge us to interpret

former R.C. 3937.18 as requiring insurers to afford the same amount of time to bring a claim for UM/UIM coverage as the claimant is afforded under the applicable tort law to bring a suit against the tortfeasor.

{¶ 2} The second issue, which is raised in the cross-appeal of appellee and cross-appellant, Grange Mutual Casualty Company ("Grange"), is whether an insured who is a minor is bound by the terms and conditions of an insurance policy, including a two-year contractual limitation period for commencing a UM/UIM claim, or whether R.C. 2305.16 applies to toll the limitations provision during the period of minority.

{¶ 3} Appellant and cross-appellee David Camacho was driving a pickup truck owned by Maria Sarmiento when it was struck by a motor vehicle driven by an allegedly uninsured motorist in New Mexico on November 5, 1998. The six other appellants and cross-appellees were passengers in the truck.

{¶ 4} Grange had issued a policy of insurance on the truck to Maria Sarmiento that included UM/UIM coverage in effect on the date of the accident. On November 5, 2001, the Sarmientos filed a complaint in the Common Pleas Court of Cuyahoga County, seeking UM coverage under the Grange policy issued to Maria Sarmiento. The trial court granted summary judgment in favor of Grange. The court concluded that Grange was not obligated to provide UM coverage, because the plaintiffs had not filed suit within two years from the date of the accident as required by the insurance policy.

{¶ 5} On appeal, the Sarmientos argued that Grange's two-year limitation period was unreasonable and unenforceable because it was shorter than New Mexico's three-year statute of limitations for personal injuries, which was applicable in the underlying tort claim. They also argued that even if the two-year limitation period was enforceable, it was tolled as to the claims of the two minors.

{¶ 6} The court of appeals concluded that the rights and duties under the Grange policy should be determined by the laws of Ohio, not New Mexico. Applying Ohio law, the appellate court agreed that Grange's two-year limitation period was reasonable and enforceable, and the court affirmed the judgment of the trial court on that issue. However, the appellate court concluded that Ohio's tolling statute, R.C. 2305.16, applied to the UM claims of the two minors. Therefore, as to the minors, David Camacho III and Braulio Sarmiento, the court of appeals reversed the judgment of the trial court and remanded the cause for further proceedings.

{¶ 7} This cause is before this court upon our acceptance of a discretionary appeal and cross-appeal.

{¶ 8} An insurance policy is a contract, and the relationship and rights of the insurer and insured are contractual in nature; therefore, a claim for UM/UIM

coverage sounds in contract, not in tort. *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 480, 747 N.E.2d 206; *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 624, 635 N.E.2d 317. Although the underlying tort claims of the Sarmientos were subject to the laws of New Mexico, where the accident occurred, the appellate court properly concluded that Ohio contract law applied to their UM claims. The insurance contract was entered into in Ohio, it was issued to Maria Sarmiento, a resident of Ohio, and it covered vehicles principally garaged in Ohio.

{¶ 9} We begin our analysis by examining the language used in the insurance contract, giving the words used their plain and ordinary meaning. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 436 N.E.2d 1347. The Grange policy issued to Maria Sarmiento included an endorsement for UM/UIM coverage that provided:

{¶ 10} "Any arbitration or suit against us will be barred unless commenced within **2 years (TWO YEARS)** from the date of the accident or **1 year (ONE YEAR)** after the date that you were aware, or should have been aware, of a claim for which coverage would apply whichever is later." (Emphasis sic.)

{¶ 11} In Ohio, the statutory limitation period for a written contract is 15 years. R.C. 2305.06. However, the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one. *Miller v. Progressive,* 69 Ohio St.3d 619, 624, 635 N.E.2d 317; *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 295, 23 O.O.3d 281, 432 N.E.2d 167, overruled on other grounds by *Miller v. Progressive.* A contract provision that reduces the time provided in the statute of limitations must be in words that are clear and unambiguous to the policyholder. Id. at 296, 23 O.O.3d 281, 432 N.E.2d 167.

{¶ 12} There is no dispute that Sarmiento's policy clearly and unambiguously limits to two years the time in which an insured may sue Grange for UM/UIM benefits. Under a pure contract analysis, we need go no further. The Sarmientos' complaint would fail as a matter of law because it was filed more than two years after the accident occurred.

{¶ 13} Nevertheless, the Sarmientos contend that the policy's two-year limitation should not bar their lawsuit for UM coverage that was filed within three years of the accident, because their claims against the tortfeasor are subject to a three-year statute of limitations under New Mexico law. They argue that pursuant to *Miller v. Progressive,* a contract provision that provides less time in which to pursue UM/UIM benefits than to pursue the underlying tort claim is unenforceable because it violates the public policy behind former R.C. 3937.18.

{¶ 14} We do not read *Miller v. Progressive,* 69 Ohio St.3d 619, 635 N.E.2d 317, as broadly as the Sarmientos suggest we should. Instead, we find that *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 543 N.E.2d 488, read in conjunction with *Miller v. Progressive,* is dispositive of this matter.

{¶ 15} In *Lane v. Grange Mut. Cos.,* we construed language in a Grange policy that prohibited the filing of UM/UIM claims "unless * * * commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred." Id. at 63, 543 N.E.2d 488. *Lane* concluded that the provision was unclear and ambiguous because it failed to tell policyholders the amount of time available for commencing an action and when the limitation period began to run. Id. at 64, 543 N.E.2d 488. The court also reasoned that the provision created ambiguity with regard to claims for damages other than for bodily injury, such as loss-of-consortium claims and claims for which the insured was subject to a legal disability. Id. at 65, 543 N.E.2d 488. The court refused to enforce the provision. Id.

{¶ 16} In *Miller v. Progressive,* 69 Ohio St.3d 619, 635 N.E.2d 317, this court decided that a contractual one-year limitation period for filing UM/UIM claims, when Ohio's statute of limitations for bodily injury in R.C. 2305.10 was two years, was unreasonable and void as against the public policy behind former R.C. 3937.18. Id. at 623–624, 635 N.E.2d 317. The court noted, however, that a two-year limitation period would be a "reasonable and appropriate period of time" in which to require an insured to commence an action under the UM/UIM provisions of an insurance policy. Id. at 624–625, 635 N.E.2d 317.

{¶ 17} Grange argues that *Miller* serves as authority for the proposition that a two-year contractual limitation period for filing UM/UIM claims is reasonable and enforceable. According to Grange, the interpretation of *Miller* advocated by the Sarmientos would require insurers to amend their policies to include the language that was rejected as ambiguous in *Lane.*

{¶ 18} The Sarmientos disagree, claiming that the *Lane* court rejected only the specific contract language that it found to be ambiguous, but did not prohibit an insurer from drafting provisions to address the public-policy consideration raised in this case. The Sarmientos contend that *Miller*'s conclusion that a two-year limitation period would be reasonable was based strictly upon the fact that that case involved Ohio's two-year statute of limitations for bodily injury.

{¶ 19} *Lane* rejected as ambiguous the language that attempted to define the contractual limitation period in terms of the statute of limitations for the underlying tort claim, which the Sarmientos suggest is the only reasonable and appropriate limitation period. Furthermore, *Miller* does not limit its holding to Ohio accidents, as the Sarmientos suggest. Instead, *Miller* acknowledges that contractual time-limitation provisions are permissible and concludes that two

years "would be a reasonable and appropriate period of time for an insured who has suffered bodily injuries to commence an action or proceeding for payment of benefits under the uninsured or underinsured motorist provisions of an insurance policy." *Miller,* 69 Ohio St.3d at 624–625, 635 N.E.2d 317.

{¶ 20} Therefore, pursuant to *Miller v. Progressive,* the two-year limitation period in the Grange policy is reasonable and enforceable. A contractual limitation period of two years does not violate the underlying purpose of UM/UIM coverage, because the limitation period does not eliminate or reduce the UM/UIM coverage required by former R.C. 3937.18. See *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, syllabus. The insured is not foreclosed from commencing an action for UM/UIM coverage so long as the insured satisfies the policy's conditions precedent to coverage, including commencing an action against the insured within the contractual limitation period.

{¶ 21} Despite the three-year statute of limitations for torts in New Mexico, nothing prevented the Sarmientos from commencing an action against Grange for UM benefits within the two-year contractual limitation period and then assigning their rights against the tortfeasor to Grange. Therefore, we hold that a two-year contractual limitation period for filing UM/UIM claims is reasonable and enforceable, regardless of whether the foreign state in which the accident occurred provides a longer statute of limitations for the underlying tort claim. We affirm the portion of the judgment of the court of appeals that held that Grange's limitation period is reasonable and enforceable.

## Grange's Cross–Appeal

{¶ 22} The issue before us in Grange's cross-appeal is whether R.C. 2305.16 tolls the two-year contractual limitation period for a minor. The appellate court held that R.C. 2305.16 applied to toll the UM/UIM claims of the minors, Braulio Sarmiento and David Camacho III. Grange, however, argues that a minor is bound by all the terms of a contract that he or she is trying to enforce and that R.C. 2305.16 does not apply.

{¶ 23} R.C. 2305.16, Ohio's tolling statute, provides:

{¶ 24} "Unless otherwise provided in sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority * * *, the person may bring it within the respective times limited by those sections, after the disability is removed."

{¶ 25} When construing a statute, we must " 'ascertain and give effect to the legislative intent, and it is well settled that none of the language employed therein should be disregarded, and that all of the terms used should be given

their usual and ordinary meaning and signification except where the lawmaking body has indicated that the language is not so used.'" *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 393, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 12, quoting *Carter v. Youngstown Div. of Water* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, paragraph one of the syllabus. " '[T]he statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act.'" Id. at ¶ 13, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus.

{¶ 26} The plain language of R.C. 2305.16 states that it applies to toll only certain statutes of limitation created by law–that is, those in "sections 1302.98, 1304.35, and 2305.04 to 2305.14 of the Revised Code." R.C. 2305.06, one of the enumerated sections in the tolling statute, provides that "an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

{¶ 27} Grange argues that, according to the plain language of the tolling statute, it applies only if the cause of action is based upon a written contract to which the 15–year statute of limitations created by R.C. 2305.06 applies. The Sarmientos do not make such a distinction. They contend that the tolling statute applies to all written contracts, regardless of whether the 15–year statute of limitations or a shorter contractual limitation period applies.

{¶ 28} A provision in a contract may validly limit, as between the parties, the time for bringing any action to a period less than that provided by the statute of limitations. *Colvin,* 69 Ohio St.2d 293, 295, 23 O.O.3d 281, 432 N.E.2d 167. When the parties agree to a shorter period in which to commence an action, the general statute of limitations for written contracts in R.C. 2305.06 does not apply. The scope of R.C. 2305.16 is limited to persons entitled to bring any action mentioned in R.C. 1302.98, 1304.35, and 2305.04 to 2305.14. The general statute of limitations in R.C. 2305.06 is irrelevant when the parties have agreed to a different contractual limitation period.

{¶ 29} The Sarmientos contend that the tolling statute must apply in order to protect the interests of minors who, because of their disability, are incapable of protecting their own interests. However, the General Assembly did not broadly draft R.C. 2305.16 so that it tolls all statutes of limitations applicable to claims of minors. For instance, the statute of limitations for minors with wrongful-death claims is not tolled by R.C. 2305.16. *Brookbank v. Gray* (1996), 74 Ohio St.3d 279, 291, 658 N.E.2d 724. The two-year statute of limitation for filing a workers' compensation claim on behalf of a minor is not tolled. *State ex rel. Goodenough v. Indus. Comm.* (1937), 132 Ohio St. 218, 7 O.O. 492, 6 N.E.2d 755. We cannot extend the statute beyond that which is written, for " '[i]t is the duty of this court

to give effect to the words used [in a statute], not to delete words used or to insert words not used.'" (Emphasis deleted.) *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.* (1979), 58 Ohio St.2d 1, 4, 12 O.O.3d 1, 387 N.E.2d 1222, quoting *Columbus–Suburban Coach Lines, Inc. v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8. To do so would enlarge the scope of the statute beyond that which the General Assembly enacted.

{¶ 30} The Sarmientos' cause of action was based on the Grange policy, which expressly required that an action against the insurer be commenced within two years from the date of the accident (or, if later, one year after the date the insured was aware, or should have been aware, of a claim). Other jurisdictions have held that the limitation period in an insurance policy controls, not the general statute of limitations, even in the case of minors. See, e.g., *Mead v. Phoenix Ins. Co.* (1904), 68 Kan. 432, 75 P. 475. The reason given for this holding is that one who seeks the benefits of a contract, including a beneficiary who is a minor, must also assume its burdens. *Reiter v. Aetna Life Ins. Co.* (D.N.J.1940), 33 F.Supp. 159. We agree with that reasoning. Thus, the minors in this case who seek to reap the benefits of the Grange policy must comply with the requirements of the insurance policy. This includes commencing an action for UM coverage within the contract's two-year limitation period. Consequently, the minors in this case are not "person[s] entitled to bring any action mentioned in [R.C. 2305.06]," and, thus, R.C. 2305.16, the tolling statute, does not apply.

{¶ 31} Therefore, we hold that R.C. 2305.16 does not toll the limitation period in an insurance contract for persons who are minors at the time the cause of action accrues. If a minor seeks coverage as a third-party beneficiary of an insurance policy, the minor must comply with the policy's limitation period in which to commence an action. Accordingly, we reverse the judgment of the court of appeals as to the claims of minors David Camacho III and Braulio Sarmiento.

{¶ 32} Consistent with this opinion, we affirm in part and reverse in part the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment affirmed in part
and reversed in part.

MOYER, C.J., O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs in part and dissents in part.

RESNICK and PFEIFER, JJ., dissent.

---

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 33} While I concur in the first portion of the majority's opinion, I write separately to dissent from the majority's holding that R.C. 2305.16 does not toll the limitation period in an insurance contract for persons who are minors at the time the cause of action accrues. The plain import of the statute tolls the running of limitation periods while claimants are minors.

{¶ 34} Ohio's tolling statute, R.C. 2305.16, states:

{¶ 35} "Unless otherwise provided in sections 1302.98, 1304.35, and *2305.04 to 2305.14* of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, *within the age of minority* * * *, the person may bring it within the respective times limited by those sections, *after the disability is removed.*" (Emphasis added.)

{¶ 36} According to the plain language of the tolling statute, the statute of limitations begins to run in certain specified actions only when the claimant's disability is removed. For the minors in this case, the disability will be removed when they reach the age of majority. Because the legislature included the limitation period for contract actions in the tolling statute by specifically enumerating the contract provision, R.C. 2305.06, I cannot agree with the majority's conclusion that the limitation period for the claims of the minors in this case is not tolled.

{¶ 37} The majority also states that "the General Assembly did not broadly draft R.C. 2305.16 so that it tolls *all* statutes of limitations applicable to claims of minors." (Emphasis added.) It cites wrongful-death claims and workers' compensation claims as examples of actions whose statutes of limitations are not tolled by the minority of a claimant. While I do not dispute that R.C. 2305.16 is inapplicable to those claims, I believe that there is a fundamental difference between those claims and the claims at issue here. The limitation periods for wrongful-death claims and workers' compensation claims are not among the enumerated limitation periods included in R.C. 2305.16. The tolling statute tolls the limitations periods of only those actions that are specifically listed, and a contract claim under R.C. 2305.06 is so listed.

{¶ 38} The majority holds that because parties to a contract can agree to validly limit the time for bringing any action to less than the statutory period pursuant to *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167, this removes the action from R.C. 2305.16's tolling provision. In *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317, we overruled *Colvin* to the extent that it permitted a contractual time-limitation provision that was unreasonable and inappropriate. For minors, the time period in which to bring an action can be reasonable and appropriate only if it begins after the minor reaches the age of majority. Therefore, while the minor must

comply with the policy's limitation period in which to commence an action, he or she can be required to do so only after reaching the age of majority. To hold otherwise circumvents legislation enacted to protect the legal rights of minors.

{¶ 39} Because I believe that the plain language of R.C. 2305.16 clearly and unambiguously tolls the limitation period in an insurance contract for persons who are minors at the time the cause of action accrues, I respectfully dissent.

RESNICK and PFEIFER, JJ., concur in the foregoing opinion as to the issue of tolling.

---

**PFEIFER, J., dissenting.**

{¶ 40} In *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317, this court did not set forth a judicially created two-year limitations period for UM/UIM claims against insurers. The court did not pull "two years" from thin air and proclaim it good. This court determined in that case that a two-year period for bringing a claim against an insurer was appropriate because in that case, two years was the statutory period an insured had to bring a claim against a tortfeasor on the underlying claim. The court determined that a UM policy should provide the same level of protection for an insured as if the tortfeasor had been insured:

{¶ 41} "As a result of the policy provision [requiring a lawsuit to be filed within one year of the accident], appellants were not placed in the same position, with regard to the recovery of damages, that they would have enjoyed had the tortfeasor been insured. As a practical matter, the effect of the policy provision was to deprive appellants of the coverage required by R.C. 3937.18." *Miller,* 69 Ohio St.3d at 623, 635 N.E.2d 317.

{¶ 42} *Miller's* purpose was not to create a limitation period that would apply in every case. It stood for the proposition that an insured should enjoy the same limitation period whether the tortfeasor was insured or not. *Miller* acknowledged that parties to an insurance contract could negotiate a limitation period less than the 15–year statute of limitations for contract actions set forth in R.C. 2305.06. But the agreed-upon reduced time period is void if it "purports to dilute or eliminate the rights of the insured to coverage required by statute." *Miller,* 69 Ohio St.3d at 624, 635 N.E.2d 317. The contract provision in this case clearly diluted the rights of appellants under New Mexico law. Thus, the two-year limitation period in the contract should be declared void in this case.

{¶ 43} The circumstances of this case make the majority opinion especially hard to swallow. Appellants notified Grange of the accident soon after it occurred, well within the two-year limitation period of the contract. Appellants also sued the tortfeasor in New Mexico, preserving Grange's subrogation rights.

What kept Grange from paying under the policy? The fact that after two years, they could no longer be forced to.

RESNICK, J., concurs in the foregoing opinion.

---

Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Brenda M. Johnson, and Jonathan D. Mester, for appellants and cross-appellees.

Gallagher, Sharp, Fulton & Norman, Timothy J. Fitzgerald, Robert H. Eddy, and Colleen A. Mountcastle, for appellee and cross-appellant.