Judgment reversed<br>and cause remanded.

PAINTER, P.J., and HENDON, J., concur.

LYNCH, Appellant,

v.

HAWKINS et al., Appellees.

[Cite as *Lynch v. Hawkins,* 175 Ohio App.3d 695, 2008-Ohio-1300.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–07–026.

Decided March 21, 2008.

---

James J. Martin, for appellant.

Van P. Andres, for appellee State Auto Insurance Companies.

PIETRYKOWSKI, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas granting the appellee insurer summary judgment in an underinsured-motorist ("UM") claim based upon the failure of the appellant policyholder

to institute suit on the claim within a three-year contractual limitations period. Appellant is Keith A. Lynch. Lynch was involved in a motor vehicle collision with Donald E. Hawkins Jr. on Benedict Avenue in the city of Norwalk, Huron County, on June 4, 2003.

{¶ 2} At the time of the collision, Lynch held an automobile insurance policy issued by appellee State Auto Insurance Companies ("State Auto"). The policy was issued on December 15, 2002. Lynch notified State Auto of the collision shortly after it occurred. At that time, he also secured a rental vehicle through State Auto. Lynch had no further contact with State Auto with respect to any claims arising from the collision until nearly three years later—on April 17, 2006.

{¶ 3} On that date, Lynch's attorney notified State Auto, by letter, that Lynch had been injured in the June 4, 2003 accident and that Lynch intended to pursue a UM claim. The letter also informed State Auto that the attorney was acting as legal counsel for Lynch.

{¶ 4} On June 20, 2006, Lynch filed suit in the Huron County Court of Common Pleas against Hawkins, Hawkins's father (who owned the vehicle) and State Auto.[1] The complaint asserted a claim for UM benefits against State Auto due to injuries sustained in the June 4, 2003 accident.

{¶ 5} State Auto filed a motion for summary judgment on the claim, asserting that Lynch's UM claim was barred under policy provisions setting forth a three-year limitations period for bringing actions against the insurer for UM claims. In a decision and judgment entry filed on October 26, 2006, the Huron County Court of Common Pleas granted State Auto's motion for summary judgment and entered judgment in its favor.

{¶ 6} Lynch appeals the decision to this court. He asserts two assignments of error on appeal:

{¶ 7} "1. The trial court erred in holding Appellee was entitled to enforce a contractual three-year limitation against Appellant for the filing of an underinsured motorist claim.

{¶ 8} "2. The trial court erred in holding that Appellee had no obligation to notify Appellant of the impending expiration of the contractual limitations period pursuant to § 3901–1–54(G)(5) of the Ohio Administrative Code."

{¶ 9} Appellate courts review judgments granting motions for summary judgment de novo; that is, they apply the same standard for summary judgment as the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Civ.R. 56(C) provides:

---

**1.** Lynch originally filed suit against Hawkins in 2005, but dismissed the case with right to refile suit.

698

{¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."

{¶ 11} Summary judgment is proper when the moving party demonstrates "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 12} Material facts, for purposes of motions for summary judgment, are facts that "would affect the outcome of the suit under the applicable substantive law. *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, 519–520, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211–212." *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

{¶ 13} When a motion for summary judgment is made and supported by appropriate evidence showing the absence of a dispute of material fact, the burden shifts to the opposing party to present evidence showing the existence of a genuine issue of fact for trial. "[A]n adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

{¶ 14} Endorsement AU154OH to the automobile insurance policy contains the contractual limitations period applicable to UM claims. The endorsement reads:

{¶ 15} "**AMENDMENT OF POLICY PROVISIONS**

{¶ 16} "The Provision or Condition titled **Legal Action Against Us** is amended by the addition of the following:

{¶ 17} "Under Uninsured and Underinsured Motorists Coverage of this policy, if provided, no legal action or arbitration proceeding may be brought against us unless the action or proceeding is begun within three years of the date of the accident." (Emphasis sic.)

### Claimed Failure to Provide 60–Day Notice of Expiration
### of Contractual Limitations Period

{¶ 18} We consider appellant's second assignment of error first. Appellant's automobile accident occurred on June 4, 2003. Appellant agrees that the endorsement required that he file his UM claim by June 4, 2006. He did not file suit against State Auto until June 20, 2006. Under assignment of error No. 2, appellant contends, however, that State Auto is barred from asserting the contractual time limit due to a claimed breach of a regulation of the Ohio Department of Insurance. The regulation is Ohio Adm.Code 3901–1–54(G)(5). The regulation provides:

{¶ 19} "3901–1–54 Unfair property/casualty claims settlement practices

{¶ 20} " * * *

{¶ 21} "(G) General standards for settlement of claims

{¶ 22} " * * *

{¶ 23} "(5) Notice shall be given to claimants at least sixty days, before the expiration of any statute of limitation or contractual limit, where the insurer has not been advised that the claimant is represented by legal counsel."

{¶ 24} Appellant contends that the regulation required State Auto to notify him of the contractual limitations period for UM claims no later than April 6, 2006. State Auto did not provide Lynch a 60–day notice that the contractual limitations period for UM claims was to expire.

{¶ 25} In response, appellee argues that the regulation does not apply. First, State Auto argues that the regulation does not apply, because appellant had been represented by legal counsel at least since May 4, 2005 (when his attorney filed the original suit against the tortfeasor). Second, it contends that the regulation does not apply, because State Auto lacked notice either that Lynch was injured in the accident or that he intended to pursue an UM claim until the attorney's letter of April 17, 2006. The letter provided first notice to State Auto of both injury and of an intent to pursue a UM claim. The letter also informed State Auto that Lynch was represented by counsel.

{¶ 26} We agree with and adopt the analysis of the trial court on this issue:

{¶ 27} "If State Auto had been on notice of Plaintiff's underinsured motorist claim prior to April 2006, it would have been required under the Administrative Code to have given Plaintiff the sixty day notice, irrespective of whether Plaintiff was represented by an attorney or not, so long as it had never been advised of the attorney's representation. The Code does not say there does not have to be notification of the insured if the insured is represented by counsel. The Code provides there has to be notification unless the insured has put the insurer on

notice that he is represented by counsel. But once the insured puts the insurer on notice that he is represented by counsel, the insurer's duty to give sixty days notice of the expiration of the time within which suit has to be filed terminates. *Laibson v. CNA Insurance Companies* (May 14, 1999), Hamilton App. No. C–980736, unreported [1999 WL 299899], 1999 Ohio App. LEXIS 2137.

{¶ 28} "Under the facts in this case, there is no evidence that State Auto knew of a potential underinsured motorist claim. The fact that it knew of the accident and provided Plaintiff with a rental car at the time immediately following the accident would not put State Auto on notice of an underinsured motorist claim. * * * The obligation to give the sixty day notice under the Code arose when State Auto first received notice of Plaintiff's underinsured motorist claim. But since it received notice of Mr. Allton's representation of the Plaintiff at the same time, it was not obligated under [Ohio Adm.Code] 3901–1–54(G)(5) to give the advance notice of the contractual expiration of the time for filing suit."

{¶ 29} Appellant's assignment of error No. 2 is not well taken.

### Enforceability of Policy's Contractual Limitations Period

{¶ 30} Under assignment of error No. 1, appellant contends that the auto policy contractual limitation provision is ambiguous due to its conflict with two other policy provisions: (1) provisions under the insuring agreement limiting the duty to pay UM claims until after exhaustion of liability bonds or coverages for the underinsured motor vehicle and (2) provisions restricting legal actions against the insurer "until there has been full compliance with all the terms of the policy." The automobile policy's "Underinsured Motorists Endorsement—Ohio" includes the following insuring agreement:

{¶ 31} "**INSURING AGREEMENT**

{¶ 32} "A. * * *

{¶ 33} "We will pay under this coverage only if 1 or 2 below applies:

{¶ 34} "1. The limits of liability under any bodily injury liability bonds or policies applicable to the 'underinsured motor vehicle' have been exhausted by payment of judgments or settlements; or

{¶ 35} "2. A tentative settlement has been made between an 'insured' and the insurer of the 'underinsured motor vehicle' and we:

{¶ 36} "a. Have been given prompt written notice of such tentative settlement; and

{¶ 37} "b. Advance payment to the 'insured' in an amount equal to the tentative settlement within 30 days after receipt of notification."

{¶ 38} The auto policy itself includes "Part F—General Provisions" which includes restrictions on when legal action can be maintained against the insurer:

{¶ 39} "Part F—General Provisions

{¶ 40} "**LEGAL ACTION AGAINST US**

{¶ 41} "A. No legal action may be brought against us until there has been full compliance with all the terms of this policy."

{¶ 42} Appellant claims that these two policy provisions conflict with the three-year contractual limitations period for bringing UM claims under the policy. The argument is that the exhaustion requirement and the limitations on legal action against State Auto, together, act to prevent any claim for UM benefits from accruing until after appellant exhausts available liability-insurance coverage for the underinsured motorist. Appellant claims that a policy requirement that the limitations period commences on the date of the accident, rather than the date of exhaustion of liability-insurance coverage, is against public policy, invalid, and unenforceable.

{¶ 43} Appellant's argument is based on the Ohio Supreme Court's decision in *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, and the Tenth District Court of Appeals decision in *Kuhner v. Erie Ins. Co.* (1994), 98 Ohio App.3d 692, 649 N.E.2d 844. In *Kraly,* no potential UM claim existed at the time of the accident. It arose later when the underinsured motorist's liability insurer became insolvent. When the plaintiff received the notice of insolvency, he was left with only three and one-half months before the two-year contractual limitations period was set to expire in which to file suit against the insurer. *Kraly* at 629–630, 635 N.E.2d 323.

{¶ 44} The *Kraly* contractual limitations period ran from the date of the accident, not the date of exhaustion of underlying liability coverage for the underinsured motorist. Under such circumstances, the Supreme Court found that the case involved "a limitations period which commences before the contractual obligation of the appellee to provide uninsured motorist coverage arises." Id. at 633, 635 N.E.2d 323. The *Kraly* court invalidated the contractual limitations period as unreasonable and against public policy. Id. at 635, 635 N.E.2d 323.

{¶ 45} The fourth syllabus the decision provided:

{¶ 46} "A provision in a contract of insurance which purports to extinguish a claim for uninsured motorist coverage by establishing a limitations period which expires before or shortly after the accrual of a right of action for such coverage is *per se* unreasonable and violative of the public policy of the state of Ohio as embodied in R.C. 3937.18."

{¶ 47} In *Kuhner v. Erie Ins. Co.*, the Tenth District Court of Appeals considered a UM claim where the policy's contractual limitations period required suit against the insurer within two years of the accident. The policy also required exhaustion of the underinsured motorist's liability coverage for payment of UM benefits. *Kuhner*, 98 Ohio App.3d at 698, 649 N.E.2d 844. The court of appeals ruled that under *Kraly*, the policy limitations period would not be permitted to run until after exhaustion of insurance coverage, rather than running from the date of the accident. Id. at 698, 649 N.E.2d 844. Both *Kraly* and *Kuhner* were decided in 1994.

{¶ 48} In *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, the Ohio Supreme Court explained its reasoning in *Kraly*: "*Kraly* unarguably involved a unique factual situation, and this court accordingly fashioned a remedy based upon concepts of fairness and public policy." Id. at 287, 695 N.E.2d 732. The Ohio Supreme Court also stated in the opinion that "*Kraly* should not be read to stand for the proposition that claimants' rights to underinsured motorist coverage are contingent upon satisfaction of contractual preconditions to such coverage. An automobile liability insurance policy will typically require exhaustion of the proceeds of a tortfeasor's policy before the right to *payment* of underinsured motorist benefits will occur." Id.

{¶ 49} In *Montgomery v. State Auto. Mut. Ins. Co.* (Dec. 18, 2000), 4th Dist. No. 99CA639, 2000 WL 33226195, the Fourth District Court of Appeals considered a UM claim under an insurance policy with a contractual two-year limitations period running from the date of the accident in which to bring an action against the insurer. The Fourth District considered both *Kraly* and *Kuhner* in reaching its decision in the case. In the opinion, the Fourth District said it is unclear whether *Kraly*'s syllabus is limited to that case's "particular facts." *Montgomery v. State Auto.* at *4. Thus, the Fourth District declined to follow *Kuhner*. Id.

{¶ 50} The Fourth District concluded that *Kraly* required courts to consider "whether or not it is equitable to commence a limitations period * * * on the date of the accident that gave rise to the insured's claim for uninsured or underinsured motorist benefits." Id. It remanded the case to the trial court for it to consider whether application of the contractual limitations period running from the date of the accident was unreasonable under the particular facts. Id.

{¶ 51} The Fourth District is not alone in reaching the conclusion that prior cases dealing with the enforceability of UM contractual limitations periods have focused on the particular facts of each case. In *State Auto. Mut. Ins. Co. v. Lewis*, 8th Dist. Nos. 81121 and 81209, 2003-Ohio-291, 2003 WL 153007, the Eighth District Court of Appeals considered a UM endorsement setting forth a two-year contractual limitations period running from the date of the accident.

*State Auto v. Lewis,* ¶ 15. The UM claim arose out of a 1998 accident. The insured failed to file suit against State Auto within the two-year limitations period. In fact, he filed suit more that three years after the accident. Id., ¶ 16.

{¶ 52} The Eighth District considered *Kraly, Ross v. Farmers,* and *Miller v. Progressive Cas. Ins. Co.* (1994), 69 Ohio St.3d 619, 635 N.E.2d 317, and concluded that although there were court decisions holding such a UM limitations period unenforceable, the analysis was fact-specific:

{¶ 53} "Although various cases have found such a provision limiting the time for bringing an action to be unenforceable, the holdings in those cases are fact-specific and not a broad holding that such limitations are unenforceable per se." Id., ¶ 17. The Eighth District enforced the two-year UM limitations period in the case.

{¶ 54} Such an approach may explain Ohio Supreme Court decisions after *Kraly* that endorse a two-year contract limitations period running from the date of the accident for UM claims. See *Miller v. Progressive,* 69 Ohio St.3d at 624–625, 635 N.E.2d 317 (two-year limitations period for UM claims would be "a reasonable and appropriate period of time"); *Sarmiento v. Grange Mut. Cas. Co.,* 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, paragraph one of the syllabus ("contractual limitations period" requiring suit for UM benefits to be commenced within two years of the accident was "reasonable and enforceable").

{¶ 55} There is an additional distinguishing factor in this case. This action is governed by statute, R.C. 3937.18(H), which became effective on October 31, 2001. The statutory provision specifically authorizes a three-year contractual limitations period in UM insurance policies commencing from the date of the accident unless underinsured status is predicated on the insolvency of the liability insurer:

{¶ 56} "(H) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions requiring that, so long as the insured has not prejudiced the insurer's subrogation rights, each claim or suit for uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages be made or brought within three years after the date of the accident causing the bodily injury, sickness, disease, or death, or within one year after the liability insurer for the owner or operator of the motor vehicle liable to the insured has become the subject of insolvency proceedings in any state, whichever is later." R.C. 3937.18(H).

{¶ 57} In enacting R.C. 3937.18(H), the General Assembly clearly knew that UM provisions routinely require exhaustion of the underinsured motorist's liability-insurance coverage. The Ohio Supreme Court had commented on that fact in *Ross v. Farmers* in 1998. *Ross v. Farmers,* 82 Ohio St.3d at 287, 695 N.E.2d 732.

Furthermore, statutory provisions, now contained in R.C. 3937.18(C), enacted prior to R.C. 3937.18(H),[2] expressly recognize that consideration of available liability-insurance coverage is necessary to determine UM coverage, as "[u]nderinsured motorist coverage in this state is not and shall not be excess coverage to other applicable liability coverages * * *." R.C. 3937.18(C).

{¶ 58} Appellant has made no argument in this case that R.C. 3937.18(H) is invalid. Nor has appellant argued any unique facts or circumstances that make application of the limitations period, commencing on the date of the accident, rather than on the date of exhaustion of liability coverages, unreasonable under the particular circumstances of this case.

{¶ 59} We agree with the trial court that this case does not present any unique circumstance to make application of the contractual limitations period unreasonable:

{¶ 60} "There is also no evidence why Plaintiff could not have filed suit against State Auto for underinsured motorist benefits before the expiration of the three year contractual limitation period. Plaintiff's contention that he was not aware of the tortfeasor's limited liability coverage until the mediation session in April 2006 in the original suit that he filed simply indicates that he had not used the discovery tools available to him in that suit to have discovered the tortfeasor's insurance coverage earlier. Even as of when he did discover it, he still had time to file his suit before the expiration of the three years contractual limitation period."

{¶ 61} Finally, the State Auto limitations period for UM claims of three years from the date of the accident is a year longer than the period recommended by the Supreme Court in *Miller v. Progressive* for UM claims. *Miller v. Progressive,* 69 Ohio St.3d at 624–625, 635 N.E.2d 317. Accordingly, we conclude that appellant's assignment of error No. 1 is not well taken.

{¶ 62} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.

Judgment affirmed.

HANDWORK and SINGER, JJ., concur.

---

2. The Senate Bill 20 version of R.C. 3937.18 effective October 20, 1994, added provisions to R.C. 3937.18 stating that UM coverage is not excess coverage and providing for reduction of available UM limits of coverage for sums available for payment under liability-insurance coverage.