[Cite as *21st Century Ins. Co. v. Doubrava*, 2012-Ohio-3374.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97903**

## 21ST CENTURY INSURANCE COMPANY

PLAINTIFF-APPELLEE

vs.

## ESTATE OF DOUBRAVA, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-737275

**BEFORE:** Stewart, P.J., Celebrezze, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEYS FOR APPELLANTS**

Mark L. Wakefield
James A. Lowe
Lowe, Eklund, Wakefield & Mulvihill Co., L.P.A.
610 Skylight Office Tower
1660 West 2nd Street
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Michael A. Paglia
Sarah A. Miller
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, OH    44114


**ATTORNEYS FOR DEFENDANTS K. ROBERTS CONSTRUCTION, LTD. AND KENT ROBERTS**

Justin D. Harris
Reminger Co., LPA
237 West Washington Row, 2nd Floor
Sandusky, OH    44870

Patrick M. Roche
Davis & Young
1200 Fifth Third Center
600 East Superior Avenue
Cleveland, OH    44114


**ATTORNEY FOR DEFENDANT MATTHEW BRENTON**

Jay S. Hanson
323 Lakeside Place, Suite 380
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} Jaime Doubrava, the administrator of the estate of Isabella Doubrava (the "estate"), appeals from a summary judgment granted to plaintiff-appellee 21st Century Insurance Company on its complaint for a declaration of its liability under a motor vehicle policy of insurance issued to defendant K. Roberts Construction, Ltd. A Roberts employee, defendant Matthew Brenton, was driving his pickup truck and towing a Roberts equipment trailer when he rear-ended a car in which Isabella was a passenger, causing her death. The parties filed cross-motions for summary judgment: 21st Century argued that Brenton's vehicle was not a covered vehicle under the policy; the estate argued that Roberts' decision to pay Brenton for the use of his truck made the truck a "hired" vehicle for which coverage applied. The court declared that 21st Century had no liability under the policy because Brenton's truck was not towing a "covered vehicle," neither was the truck considered a "temporary substitute vehicle" under the policy. The estate's sole assignment of error contests the summary judgment, claiming that it was entitled to judgment as a matter of law or that there are genuine issues of material fact under the "hired vehicle endorsement."

I

{¶2} The parties do not dispute the facts, but do dispute the meaning of certain terms and exclusions under the policy. Insurance policies are contracts, so we construe their language as a matter of law. *Leber v. Smith*, 70 Ohio St.3d 548, 553, 1994-Ohio-361, 639 N.E.2d 1159. In doing so, we are limited to the plain meaning of

the words used. *Sarmiento v. Grange Mut. Cas. Co.*, 106 Ohio St.3d 403, 2005-Ohio-5410, 835 N.E.2d 692, ¶ 8-9. Insurance policies may permit exclusions to coverage, but exclusions are normally included by the insurer who drafts the policy, so we construe them "liberally in favor of the insured and strictly against the insurer if the language used is doubtful, uncertain or ambiguous." *Munchick v. Fid. & Cas. Co. of New York*, 2 Ohio St.2d 303, 209 N.E.2d 167 (1965), paragraph one of the syllabus.

## II

{¶3} The uncontested facts show that Brenton owned a Ford F350 pickup truck that he drove in the course and scope of his employment as a project manager for Roberts. He said that he used the truck for two work purposes: to visit potential clients to give estimates for construction jobs, and to drive to and from active job sites. On days when he was visiting active job sites, Brenton sometimes used his truck to haul company equipment. He did not haul Roberts equipment everyday: perhaps only two to three times per week. Brenton personally paid for the insurance on his truck. Roberts reimbursed Brenton $300 per month for the use of his truck and paid for gasoline that Brenton used in the course of employment.

{¶4} At the time of the accident, Brenton was driving his truck and towing a Roberts equipment trailer laden with scaffolding. He was traveling to an active job site so he was unquestionably within the course and scope of his employment.

## III

**{¶5}** The liability coverage portion of the 21st Century policy agreed to pay damages for which an "insured" becomes legally liable "arising out of the ownership, maintenance, or use of a vehicle for which coverage under this Part A applies." (Emphasis omitted.)[1]  So coverage under the policy existed if Brenton was an "insured" and was driving a "covered vehicle."

**{¶6}** As applicable here, an "insured" is defined as "you" (the named insured) or "you and any operator listed on your policy, for the use of a covered vehicle or a temporary substitute vehicle, and any trailer or mobile equipment while being towed by a covered vehicle or a temporary substitute vehicle[.]"  The policy also states that an "[i]nsured does not include * * * Your employee if the vehicle is owned by that employee, that employee's family member, or a member of the employee's household."

**{¶7}** Brenton owned the Ford F350 truck he was driving at the time of the accident, so he did not qualify as an insured under the liability coverage portion of the policy.  Also, Brenton did not qualify as an "operator" because he was not listed as such on the declarations page of the policy.

**{¶8}** Brenton's truck was also not a "covered vehicle."  The policy defines a covered vehicle as "[a]ny vehicle shown on your declarations page * * * or [a] newly acquired vehicle."  Brenton's truck was neither listed on the declarations page of the policy nor was it a newly acquired vehicle.

---

[1]Unless otherwise noted, all emphasis has been deleted from quoted portions of the insurance policy.

**{¶9}** Brenton's truck was not a "temporary substitute vehicle" as defined by the policy because it was not a substitute for a covered vehicle that had been withdrawn from normal use due to breakdown, repair, or servicing. There was no evidence to show that Brenton was using his truck solely because a Roberts vehicle had been withdrawn from normal use. Brenton used the truck daily so it was not a substitute for another vehicle.

IV

**{¶10}** The estate argues that coverage arose from a "hired vehicle liability only coverage endorsement." That endorsement provided that a "hired vehicle means a vehicle you rent or lease for a fee for a period of time not to exceed 30 days." The endorsement also states that "any vehicle that is rented or leased with a driver is not a hired vehicle for purposes of coverage under this endorsement." Roberts made a monthly payment to Brenton for use of the truck for Roberts' business. Noting that exclusions to coverage must be narrowly construed, the estate maintains that the most expansive construction of the hired vehicle liability only endorsement was that Brenton's truck was rented or leased.

**{¶11}** The language of the hired vehicle liability only coverage endorsement shows that it was intended to apply to traditional rental or lease arrangements for a vehicle. A key feature of any lease or rental is control over the item leased or rented. *See* R.C. 5739.01(UU)(1) (defining a "lease" as "any transfer of the possession or control of tangible personal property for a fixed or indefinite term, for consideration."). While ownership of the item leased or rented remains titled to the lessor, the lessee is permitted

to exercise whatever degree of control the lessee chooses subject to the terms of the lease.

In the normal case of a vehicle rental or lease, the owner of the vehicle hands over possession of that vehicle to the lessee, who is entitled to use the vehicle in any manner consistent with the terms of the lease itself.

{¶12} Even though we are obligated to construe insurance policy exclusions narrowly, we must interpret contractual terms according to their plain and ordinary meaning. *Buckeye Union Ins. Co. v. Price*, 39 Ohio St.2d 95, 99, 313 N.E.2d 844 (1974). The arrangement between Roberts and Brenton bore none of the hallmarks of a true lease or rental because Roberts exercised no degree of control over Brenton's truck. It follows that Brenton's truck was not a hired vehicle under the 21st Century policy.

V

{¶13} Finally, the estate argues that a question of fact exists as to whether the Roberts trailer that Brenton was towing at the time of the accident was a "covered vehicle" under the 21st Century policy. It argues that coverage for the trailer existed regardless of whether the trailer was being towed by a covered vehicle.

{¶14} As earlier noted, the 21st Century policy agreed to pay damages for which "an insured" becomes legally liable and Brenton was not an insured. As applicable here, the policy covers an "insured" for the use of "any trailer or mobile equipment while being towed by a covered vehicle or a temporary substitute vehicle."

{¶15} Brenton's truck was not listed in the declarations page of the policy as a covered vehicle. Neither did the truck qualify as a "temporary substitute vehicle." The policy defines a "temporary substitute vehicle" as:

> [A]ny vehicle of the same type as a covered vehicle while driven by you or your employee in the course of employment, with the permission of its owner, for a period not greater than 30 consecutive days and not greater than 30 days in any one policy year, as a substitute for a covered vehicle that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction[.]

{¶16} There was no evidence offered by the estate to show that Roberts used Brenton's vehicle as a "substitute" for a covered vehicle that had been withdrawn from service due to "breakdown, repair, servicing, loss or destruction." The 21st Century policy listed two vehicles as "covered" vehicles on the declarations page of the policy. Those trucks were driven by Roberts employees, and neither truck had been withdrawn from service on the day of Brenton's accident in a manner that required the use of a substitute vehicle. While Brenton did use his truck in the course and scope of employment on the day of the accident, he did not do so because one of the covered vehicles under the policy had been withdrawn from service.

{¶17} As a matter of law, Brenton's truck was not a temporary substitute vehicle, so the trailer was not being towed by a covered vehicle at the time of the accident. The court did not err by granting summary judgment.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR